43672. WOODEN v. MICHIGAN NATIONAL BANK.

SUBMITTED MAY 7, 1968—DECIDED JUNE 6, 1968.

*John P. Nixon,* for appellant.
*Buford E. Hancock, Jr.,* for appellee.

HALL, Judge. This case involves the interrelated application of two important recent statutes, the Uniform Commercial Code (Ga. L. 1962, p. 156; *Code Ann. Title* 109A) and the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68; *Code Ann. Ch.* 68-4A). The Commercial Code is designed to apply to all commercial transactions in personal property within the State (see *Code Ann.* §§ 109A-1—102, 109A-2—102, 109A-9—102), but

recognizes and contemplates that some transactions are to be governed by the laws dealing with special classes of property, e.g., see *Code Ann.* § 109A-9—302 (3, 4). The plaintiff contends that for several reasons title to the furnaces did not pass from him. The evidence shows that the claimant installed furnaces in the mobile homes; he delivered and surrendered possession of them. Therefore any reservation of title in the claimant was limited to a security interest by the Uniform Commercial Code. *Code Ann.* § 109A-2—401. We do not decide whether or not the writing set out above was a "security agreement which contains a description of the collateral," as required by the Uniform Commercial Code (*Code Ann.* § 109A-9—203) to create an enforceable security interest, nor whether it met the requisites of a financing statement prescribed by *Code Ann.* § 109A-9—402.

Assuming that the writing did create a security interest in the claimant, so far as the writing itself shows, the provisions of the Uniform Commercial Code relating to accessions (*Code Ann.* § 109A-9—314) would be applicable, as well as the provision requiring the perfecting of security interests by the filing of a financing statement (*Code Ann.* § 109A-9—302), which does not except security interests in accessions from its application. However, it appears from the evidence that the transaction between the claimant and Vaughan was affected by provisions of the Motor Vehicle Certificate of Title Act. In that Act " 'Vehicle' means a device in, upon, or by which a person or property is or may be transported or drawn upon a highway." *Code Ann.* § 68-402a (n). Under that Act the claimant acquired a special lien when he installed the furnaces in the trailers, which lien he could have perfected by the method prescribed in that Act (*Code Ann.* §§ 68-422a, 68-423a). Moreover, that Act provides that the method provided therein for perfecting security interests and liens with respect to motor vehicles is exclusive, and that such interests are exempt from other laws relating to recording and filing. *Code Ann.* § 68-427a. There is no evidence that the claimant complied with the aforesaid provisions of the Motor Vehicle Certificate of Title Act.

For the reasons stated above the trial court did not err in granting the bank's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*