25046.   LAWRENCE et al. v. HARDING et al.

SUBMITTED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969.

*Smith & Smith, C. E. Smith, Jr.,* for appellants.

*R. Wilson Smith, Jr., John H. Smith,* for appellees.

ALMAND, Presiding Justice. The plaintiffs in this case are owners of lots in a residential subdivision, located in Hall County, which is known as the Ponderosa Subdivision.

On August 22, 1968, plaintiffs sought to permanently enjoin the defendants from maintaining a certain structure on lots owned by them in the subdivision. The structure in question was a mobile home which had been placed on a permanent foundation. The plaintiffs alleged that the structure in question, which had metal sides and a metal roof, violated the following prohibition contained in restrictive covenants applying to the subdivision: "4. No metal siding or metal roofs, no imitations, rolled roofing, no brick siding on any building erected on any lot in said subdivision."

Both parties offered evidence at a hearing held October 23, 1968. On November 15, 1968, the Judge of Hall County Superior Court temporarily enjoined the maintenance of the structure complained of. From this decree, the defendants appealed.

■ Appellants' first enumeration of error protests the exclusion of certain depositions and affidavits. If there is any error in connection with this enumeration, it is harmless. The evidence excluded by the court in its order was offered for the purpose of showing that the restrictive covenants did not pre-

vent the location of mobile homes in the subdivision. In its order granting the temporary injunction, the court agreed with this contention, and so ruled. Therefore, even if it was error for the court to exclude the depositions and affidavits, and we express no opinion in that regard, such error was clearly harmless.

■ Enumerations of error 2 and 3 attack the holding of the court that the structure involved was a building, and that it violated the provisions of the restrictive covenant cited above.

A study of the order of the court granting the injunction clearly indicates that the decision was based on the determination by the court that the structure in question was a building within the terms of the restrictive covenant.

It is clearly settled law in Georgia that the exercise of discretion by the lower court in granting and continuing injunctions will not be interfered with in the absence of manifest abuse. *Code* § 55-108.

"The granting and continuing of injunctions always rests in the sound discretion of the trial judge, according to the circumstances of each case. . . The refusal to grant an interlocutory injunction, not appearing to have been dependent upon questions of law only, but also upon material questions of fact, will not be interfered with by this court where it appears that there was a conflict in the evidence on the issues of fact." *Loadman v. Davis,* 210 Ga. 520, 522 (81 SE2d 465).

We must, therefore, determine whether the ruling made by the court below that the structure in question was a building within the terms of this covenant, involved any material factual determinations.

"The word 'building' has no universal, inflexible meaning which will apply in all cases." *Randall v. Atlanta Advertising Service,* 159 Ga. 217, 220 (125 SE 462). That opinion goes on to state, "In each instance, whether it is a building in violation of a building restriction depends upon the wording of the restriction, strictly construed, from the facts of the particular case." P. 222.

The determination of the lower court was thus factual in nature, and can be overturned only in the event of manifest abuse of discretion. There has been no such abuse here. The evi-

dence adduced at the hearing showed that the structure, (a) was completely enclosed, (b) had a porch built and attached, (c) had concrete underpinnings, (d) had a metal roof attached to it, and (e) had a septic tank line, gas line, water line and electrical lines.

Having thus decided that the court did not err in construing the structure in question as a building, within the meaning of the terms of the covenant, we come to the question of whether this building violated the terms of the covenant quoted earlier in the opinion.

Here again, we are not dealing with any alleged errors of law. The ruling complained of is a determination that this structure violated the intent of the parties as expressed in the restrictive covenant. Thus the appellants, in order to prevail, must show manifest abuse of discretion by the court in making this ruling.

The effect of the interpretation adopted by the court is to forbid the appellants from affixing mobile homes with metal roofs and siding to the realty, when no structures with such roofs or siding could be assembled piece by piece. Surely this constitutes no manifest abuse of discretion.

■ (a) The appellants maintain that since mobile homes are required to be titled by the Georgia Motor Vehicle Certificate of Title Act (*Code Ann.* § 68-401a et seq.), that the structure in question is neither a building, nor was it erected. The trial court ruled that for the purposes of this restrictive covenant, the structure in question was a building, and for the reasons stated in Division 2, we affirm this determination. Thus the provisions of the Act noted above are irrelevant.

(b) Appellants also maintain that if the appellees had wished to keep mobile homes out of the subdivision, it would have been a simple matter to state this wish clearly in the restrictive covenant. Since we have affirmed the determination by the lower court that the structure in question is a building, and not a mobile home, insofar as this covenant is concerned, this contention is clearly irrelevant.

*Judgment affirmed. All the Justices concur.*