25966. DOTSON et al. v. HANNAFORD et al.

ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970.

*Gibson, McGee & Blount, Lamar Gibson,* for appellants.

*Kopp & Peavy, John G. Kopp,* for appellees.

MOBLEY, Presiding Justice. This appeal is from a judgment granting a temporary injunction against the maintenance of a mobile home in violation of restrictive covenants applicable to a subdivision.

The plaintiffs (appellees here), as owners of lots in the subdivision, alleged that Paul G. Lichtenberger, the owner of a mobile home, had placed it on the property of Russell L. and Eleanor R. Dotson in the subdivision; that the mobile home contains less than 500 feet of inside livable floor space; and that this is a violation of one of the restrictive covenants applicable to the property, as follows: "Size of dwelling house: No lot owner shall erect a dwelling on a building area that has less than 1,150 square feet of inside living area."

The parties entered into a stipulation of facts, on which the judgment was rendered. The stipulation pertaining to the mobile home is as follows: "Defendants Dotson have caused and permitted to be placed on lots 13 and 14 of Block 10 a certain mobile home owned by defendant Lichtenberger (who is the father of defendant Eleanor R. Dotson), which mobile home contains approximately five hundred (500) feet of inside living area. Such mobile home is fully equipped in the usual manner for living purposes. It is contemplated that defendant Lichtenberger and his wife shall sleep in such mobile home and share meals with the Dotson family in their conventional dwelling house."

In *Lawrence v. Harding*, 225 Ga. 148 (166 SE2d 336), this court affirmed the grant of a temporary injunction against the maintenance of a mobile home in violation of a restrictive covenant forbidding a metal roof on any building erected in the subdivision. It was pointed out in that case that the structure "(a) was completely enclosed, (b) had a porch built and attached, (c) had concrete underpinnings, . . . and (e) had a septic tank line, gas line, water line and electrical lines." This court said that: "The effect of the interpretation adopted by the [trial] court is to forbid the appellants from affixing mobile homes with metal roofs and siding to the realty, when no structures with such roofs or siding could be assembled piece by piece. Surely this constitutes no manifest abuse of discretion." The stipulation of facts in the present case gives no indication that the mobile home is in any manner *affixed* to the realty. The rulings in *Lawrence v. Harding*, supra, are therefore not applicable in the present case.

The restrictive covenants forbid the lot owner to "erect a dwelling" that has less than 1,150 square feet of inside living area. The word "erect" is synonymous with "build" or "construct." Black's Law Dictionary, 4th Ed., p. 636. It would be a strained construction of the restrictive covenant to hold that the mere placement of a mobile home on a lot of land, without affixing it to the realty with any degree of permanence, would constitute the "erection" of a dwelling.

It is the general rule that the owner of land in fee has the right

to use it for any lawful purpose, that any claim that there are restrictions on use must be clearly established, and that any doubt as to restrictions on use will be construed in favor of the grantee. *Voyles v. Knight*, 220 Ga. 305 (1) (138 SE2d 565). The covenants in the present case do not show any manifest intent to prohibit the placement of mobile homes on the restricted property. The intent is made ambiguous by the fact that the restrictive covenant defines a mobile home, but does not mention a mobile home in the list of restrictions. The rule of strict construction would therefore apply.

The trial judge had no evidence before him which would authorize the grant of a temporary injunction.

*Judgment reversed. All the Justices concur.*