## 26045.   WHITE v. WATFORD et al.

SUBMITTED SEPTEMBER 16, 1970—DECIDED OCTOBER 8, 1970.

*Harl C. Duffey, Jr.,* for appellant.

*Robert G. Walther,* for appellees.

MOBLEY, Presiding Justice.   This appeal is from a judgment granting a temporary injunction against the maintenance of a mobile home in violation of restrictive covenants applicable to a subdivision.

Jerry Watford and L. A. Millican brought the complaint against Inez White, alleging that the placement of a house trailer, or mobile home, on a lot owned by her in the subdivision, which mobile home does not contain a minimum of 800 square feet, violates the restrictive covenants applicable to her property, providing that: "No structure shall be erected that shall have less than 800 square feet of floor space on the first floor, or in the case of a two story dwelling, said ground floor shall not contain less than 700 square feet."

The defendant (appellant here) testified that: She had re-

cently placed a mobile home containing 720 square feet on the property, which she was occupying as a residence. She had not removed the wheels from the mobile home but contemplated doing so at some time in the future. She had water, telephone, and electricity connections to the mobile home. She plans to attach a utility house to the mobile home, and is considering the construction of a carport and porch to attach to it.

This case is similar to *Dotson v. Hannaford*, 226 Ga. 732. In the *Dotson* case a distinction was drawn between that case and *Lawrence v. Harding*, 225 Ga. 148 (166 SE2d 336), where the evidence showed that the mobile home was affixed to the realty.

At the time of the hearing on the temporary injunction in the present case, the defendant (appellant) had not attached the mobile home to the realty. The building restriction in the restrictive covenant was that "no structure shall be erected" having less than 800 square feet. There was nothing in the restrictions showing a manifest intent that a mobile home could not be placed on the property. We hold, as we did in the *Dotson* case, that the normal meaning of the *erection* of a structure is to attach it to the realty with some degree of permanence. The mere placement of a mobile home on a lot in the subdivision did not violate the restriction pertaining to the erection of a structure.

The trial judge erred in granting a temporary injunction to the plaintiffs (appellees).

*Judgment reversed. All the Justices concur.*