48262. HOLDER v. BROCK et al.

BELL, Chief Judge. Plaintiffs sued on a contract for the purchase of a mobile home. The complaint attached a copy of the contract which defendant admitted to be correct.

The complaint alleged that the case was instituted pursuant to the Consumer Credit Protection Act, 15 USC 1601 et seq. to recover damages for defendant's violation of the Act and the implementary regulation, "Regulation Z," 12 CFR 226; that damages were also sought for violation of the Georgia Retail Instalment and Homes Solicitation Sales Act, Ga. L. 1967, p. 659 (Code Ann. § 96-901 et seq.) and that plaintiffs were induced to enter into the contract through fraud for which punitive damages were demanded. Defendant's motion to dismiss the claim was denied and certified for immediate review. *Held:*

1. The State Court of Cobb County, although not a court of equity, has jurisdiction over this case. Plaintiffs seek money damages for the alleged fraud and no affirmative equitable relief is sought. Code § 37-701.

2. That part of the complaint which alleges a claim for damages for fraud is insufficient as a matter of law. The allegation of fraud is limited to the legal conclusion that plaintiffs were induced to enter into the contract through fraud. When alleging fraud, the circumstances constituting fraud must be stated with particularity. CPA § 9 (b) (Code Ann. § 81A-109 (b)); *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 553 (163 SE2d 885); *Diversified &c. Corp. v. Clayton McLendon,* 120 Ga. App. 455 (2) (170 SE2d 863).

3. The Georgia Retail Instalment and Homes Solicitation Sales Act does not apply to the sale of a motor vehicle. Code Ann. § 96-902 (1). A mobile home falls within the definition of a motor vehicle in that Act. Code Ann. § 96-902 (2). See *Wooden v. Michigan Nat. Bank,* 117 Ga. App. 852 (162 SE2d 222). It thus appears that this sale comes within the provisions of the Motor Vehicle Sales Finance Act, Ga. L. 1967, p. 674 (Code Ann. Ch. 96-10).

4. We now consider whether the complaint shows a claim for relief under the Federal Statute and its implementing regulation "Z."

The complaint alleged "violations" of this statute and regulation but did not allege anything specific in the way of a violation. The contract attached to the complaint has been admitted by the defendant to be the one executed by the parties. Plaintiffs point up what they contend to be "discrepancies" in the contract which they construe to be violations of the Federal Act and Regulation. We have examined these alleged discrepancies and find them to be insignificant. The contract substantially complies with the Act and Regulation Z. *Roberts v. Allied Finance Co.,* 129 Ga. App. 10 (198 SE2d 416). Thus the complaint fails to state a claim for relief and the trial court erred in not granting defendant's motion to dismiss.

*Judgment reversed with direction to dismiss the complaint. Deen and Quillian, JJ., concur.*

Submitted May 29, 1973 — Decided September 26, 1973.

*Koehler & Russo, Michael L. Russo,* for appellant.

*Autrey & Ware, Jerome C. Ware, D. Robert Autrey,* for appellees.