## 65682. ANDERSON v. KENSINGTON MORTGAGE & FINANCE CORPORATION.

BIRDSONG, Judge.

Foreclosure — Writ of Possession. In May 1980, Mr. and Mrs. Mauldin financed the purchase of a mobile home from Kensington for approximately $24,000. A retail installment and security agreement was executed thereon. This mobile home was placed on a lot purchased for $7,000 by the Mauldins from Neal Jackson Realty. A security deed was given for the purchase of the land. A certificate of title was issued on the mobile home in the name of the Mauldins showing the lien holder to be Kensington. The certificate of title was in possession of the lienholder Kensington, but Kensington did not record its lien interest. Subsequently, the Mauldins defaulted upon both the mobile home and the purchase of the lot. Neal Jackson foreclosed upon its security deed and purchased the property in its own right and name. Both Neal Jackson and the Mauldins had executed a consent agreement to the effect that the placement of the mobile home upon the lot would not affect the mobile home's status as personalty. After default, the Mauldins executed a voluntary consent to allow Kensington uncontested repossession. However,

before Kensington effected repossession, Neal Jackson sold the lot to one Anderson for $7,800.

Apparently when the Mauldins vacated the mobile home and the lot, they left the mobile home on the lot. Anderson then assumed possession of the lot and moved into the mobile home. When Kensington sought to repossess the mobile home, Anderson resisted the repossession on the ground that the mobile home was affixed to the realty, there was no notice to him that the mobile home did not go with or was not a part of the realty, and as a bona fide purchaser in good faith he had superior right and title to the mobile home than did Kensington who had not properly recorded its interests in appropriate county records to place Anderson on notice. Kensington then foreclosed on the Mauldins and thereafter sought a writ of possession. Anderson filed an answer claiming clear title under the warranty deed to the property including all fixtures and appurtenances claiming therein the mobile home. Both Kensington and Anderson filed cross motions for summary judgment. The trial court granted summary judgment to Kensington and denied same to Anderson. Anderson now brings this appeal enumerating as error the grant of summary judgment to Kensington. *Held:*

We find no error and affirm. Anderson predicates his claim of ownership on two main bases. First, he claims that the mobile home was affixed to the real estate and passed with the warranty deed. He offers evidence in his brief in support of the enumeration of error showing how the mobile home apparently was fixed to the realty. However, our search of the record does not disclose the presence of such evidence. Therefore, we will not consider such evidence in support of this contention. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281); *Konscol v. Konscol,* 151 Ga. App. 696 (1) (261 SE2d 438).

Secondly, Anderson urges that the mobile home not only was affixed to the real estate but there was no reservation in the warranty deed as to any fixture or appurtenances and further that Kensington had not filed an adequate financing statement so as to place Anderson on notice that Kensington had an interest in the mobile home.

Aside from the obvious question of notice to Anderson that a real estate business would not conceivably sell real estate valued at less than $8,000 and include in the sale a "fixture" worth almost $24,000 for the value of the real estate alone, there is a more compelling reason why Anderson was on notice that the mobile home was the property of one other than the seller of the real estate. Anderson's argument that an adequate financing statement had not been filed so as to put him on notice has been advanced in similar litigation on other

occasions. A similar contention was considered in *Wooden v. Mich. Nat. Bank,* 117 Ga. App. 852, 853 (162 SE2d 222). In that case a question was raised as to the applicability of the Uniform Commercial Code as contrasted with the Motor Vehicle Certificate of Title Act. Though the Commercial Code was recognized as applying to all commercial transactions in personal property in this state, the act also acknowledged and even contemplated that some transactions are governed by laws dealing with special classes of property. See also *McConnell v. Barrett,* 154 Ga. App. 767, 768 (1) (270 SE2d 13).

There is no contention that Neal Jackson, the owner of the real estate, possessed or transferred title to Anderson or that the Mauldins had not surrendered title to the mobile home in question to Kensington or that they had transferred the title thereto to Anderson. It is undisputed that the only title to the home was in the possession of the lienholder, Kensington, and the title clearly reflected Kensington as a lienholder. Under OCGA § 40-3-31 (Code Ann. § 68-415a) transfer of a motor vehicle (including a mobile home) cannot be accomplished without an assignment and warranty of title to the transferee, which must be subscribed and sworn to before an officer authorized to administer oaths in this state, in the space provided on the certificate of title. A transfer by an owner is not effective until the code section has been complied with and no purchaser or transferee acquires any right, title, or interest in and to such motor home until he has obtained a properly executed title from the owner. Moreover, OCGA § 40-3-53 (Code Ann. § 68-421a) provides the proper method for perfecting and enforcing a lien on a motor home. There is no issue presented that Kensington did not properly state its lien interest on the certificate of title. Paragraph (f) of OCGA § 40-3-53 (Code Ann. § 68-421a) provides that a lien on a vehicle for which a certificate of title is required which has been perfected is valid against all subsequent transferees and holders of security interests and liens when the code section has been complied with and compliance with the section is the only way to perfect a lien. See *Greenway v. Cheatwood,* 160 Ga. App. 143, 144 (2) (286 SE2d 471).

Under the facts of this case, we are satisfied that title to the mobile home in question was in the possession of Kensington. That title duly reflected Kensington's lien on the motor home and by operation of law placed Anderson on notice of Kensington's lien and interest in the vehicle, OCGA § 40-3-50 (b) (Code Ann § 68-421a). Furthermore, Anderson could not obtain any right, title or interest in the motor home until the owner (Mauldin) or Kensington delivered title properly executed. There is no assertion that title or interest in

the mobile home rested with Neal Jackson. In fact the record shows that Neal Jackson always was aware and understood the mobile home would remain personalty. The fact that the trailer may have been strapped to stakes in the ground or that wheels and axles may have been removed would not change the personalty to realty. Neal Jackson Realty certainly could not pass any greater interest in the mobile home than it possessed itself. See *Simson v. Moon,* 137 Ga. App. 82, 83 (222 SE2d 873). It having no interest, it passed no interest. There being no transfer of the personalty through the warranty deed as augmented by Anderson's constructive notice of Kensington's interest, it follows the trial court did not err in granting summary judgment to Kensington.

We have considered appellant's reliance upon *Lawrence v. Harding,* 225 Ga. 148 (166 SE2d 336). However, we do not consider that case apropos to this case. *Lawrence* involved a zoning violation wherein the trial court concluded that a motor home had been affixed to the real estate and thus became a building which was in violation of zoning laws. There was no question of the sale or transfer of that vehicle and in its consideration of the zoning violation the court held the Motor Vehicle Title Act was irrelevant. In this case, as we have observed, there is no competent evidence in the record that the motor home was fixed to the earth so as irrevocably to have lost its identity as a vehicle. Moreover, there is evidence that at the time the mobile home was placed upon the real estate, it was the intent of the seller, the purchaser, and the land seller, that the mobile home would remain personalty. Thus, we conclude that the Motor Vehicle Title Act controlled and required a proper transfer of title to vest any interest in Anderson. In the absence of such title or interest, Anderson cannot prevail.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 27, 1983 —
REHEARING DENIED MAY 13, 1983 —

*E. Graydon Shuford, George P. Graves,* for appellant.
*Keith E. Fryer,* for appellee.