## 67213. CLARK LUMBER COMPANY v. LUMBERMENS MUTUAL CASUALTY COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Clark Lumber Company appeals the grant of summary judgment to defendant-appellee insurance company in an action to recover on a policy.

Appellant was engaged in the business of timber cutting, among other things, and had a liability insurance policy with appellee. In a timber cutting operation on land in Tennessee, appellant apparently inadvertently trespassed on adjoining land and took timber therefrom. As a result appellant was sued by the landowners for trespass and conversion in a Tennessee court. Appellee denied coverage and refused to defend appellant in the suit. The suit was resolved by an agreed judgment of $7,000 against appellant. Appellant thereupon commenced this action on the policy seeking to recover the amount of the Tennessee judgment and attorney fees incurred therein. Appellee denied the incident was covered by its policy and received summary judgment. *Held:*

The policy covered "all sums which the insured shall become legally obligated to pay as damages because of property damage . . . caused by an occurrence . . ." The policy defined an occurrence as "an accident, including continuous or repeated exposure to conditions, which results in . . . property damage neither expected or intended."

A supplemental liability indorsement issued with the policy excluded from coverage property damage "to property owned or occupied by or rented to the insured, or . . . that particular part of any property, not on premises owned by or rented to the insured . . . upon which operations are being performed by or on behalf of the insured at the time of property damage arising out of such operations . . ."

Pretermitting whether an "occurence" or "accident" occurred within the definitions of the policy when appellant trespassed and cut trees on adjoining land, the policy clearly excludes from coverage damages arising from such acts, as the land was not owned or rented by appellant when appellant was performing operations on it.

Appellant's contention that the language of the exclusion in the basic policy and the language of the exclusion in the supplemental liability indorsement, which replaced those in the basic policy, were ambiguous and conflicting is without merit. As the basic exclusion was replaced by the supplemental indorsement's exclusion, the former is eliminated and the latter has nothing with which it can be conflicting or ambiguous.

Appellant claims that its case is similar to *Royal Indemnity Co. v. Smith,* 121 Ga. App. 272 (173 SE2d 738), which should be followed.

There the exclusion from liability was damage to " 'property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.' " The insured had a contract to paint the exterior walls of a large steel tank which had a sweeper arm which was designed to move clockwise only in the interior of the tank. In painting a portion of the tank the insured's painters had to move the sweeper arm but moved it in a counter-clockwise direction causing damage. The insurer refused coverage on the ground that the sweeper arm was in the care, custody and control of the insured when it was damaged. Grant of summary judgment to the insured was affirmed. The court did not attempt to decide whether the sweeper arm was under the insured's supervision and a necessary element of painting the tank, saying: "the better approach is to examine the purposes of the exclusion in the policy and determine whether this is the type of risk against which the insurance company had not calculated its premium." Id. at 275. Using this analysis the court concluded: "Therefore, considering the exclusion in the light of this purpose, we would say that only the walls of the tank which he was hired to paint, and not the interior mechanism, was in the care, custody or control of (the insured). We recognize that breaking up structures into component parts to apply this exclusion is in some measure illogical. However, we are forced to do this by the wording of the exclusion itself which defendant concedes is usually equated with bailment of personal property." Id. at 276-77.

*Royal Indemnity* is factually distinguishable. The exclusion construed there does not concern, as does the instant case, exclusion of coverage of that particular part of any property not on premises owned or rented by the insured on which operations are being performed resulting in damage to the property arising out of such questions. Nor is the instant case, involving real property, analogous to the bailment of personal property which apparently caused the court in *Royal Indemnity* to decide as it did. Therefore we find *Royal Indemnity* inapplicable to the instant case.

Appellant argues that it paid more money for less coverage as the supplemental indorsement containing the exclusionary language, which had a separate premium, gave it less coverage than the basic policy coverage. We do not agree. We cannot speculate, as does appellant, that the coverage would have been as great, and the premiums less, without the exclusions of the indorsement. Appellant purchased the policy as a package with the supplemental indorsement which supplanted and expanded upon the exclusions of the basic policy to which the indorsement was attached. Contrary to appellant's assertion, the exclusion does not deny liability coverage for appellant's timber cutting operations; but it does limit liability for

damage to the property of others on which timber cutting is being performed. Construing an identical exclusion, the court in Vinsant Elec. Contractors v. Aetna Cas. &c. Co., 530 SW2d 76 (Tenn. 1975), said: "It was the obvious intent of the insurance carrier to liberalize and expand coverage and the provision must be so construed. This conclusion is demanded by the fact that the exclusion is not standard but is incorporated by endorsement and only pursuant to the payment of additional premiums. No insurance company could, in good faith, charge, and no insured could, in good judgment, pay for, an endorsement that did not operate to provide additional coverage." Id. at 78.

"The policy of our appellate courts is to enforce strictly an insurance contract in accordance with the meaning of its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant, yet preclude recovery by application of that strictness of policy. [Cits.]" *Anderson v. Southeastern Fidelity Ins. Co.,* 166 Ga. App. 750 (1) (305 SE2d 128).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984.

*Robert J. Harriss,* for appellant.
*Kenneth R. Starr,* for appellee.