A90A0332. ARNOLD et al. v. FARMERS BANK OF UNION POINT.
(393 SE2d 486)

DEEN, Presiding Judge.

Appellants Arnold and Aldridge borrowed $205,000 from appellee bank in two separate transactions. The loans were secured by a 104.1-acre tract of real estate which appellants were developing as residential lots around a man-made lake. After appellants defaulted on the

loans, the bank foreclosed and the property was sold for $124,000 at public auction. A confirmation application was filed with the lower court and this appeal is brought from the trial court's order confirming the sale. Arnold and Aldridge contend that there was no competent evidence to support the confirmation order, which held that the sale brought the true market value of the property. *Held*:

In all proceedings in which the trial court sits without a jury, its findings of fact will not be disturbed on appeal if there is any evidence to support them. *Collins v. Brayson Supply Co.*, 157 Ga. App. 438 (278 SE2d 87) (1981); *Adams v. Crowell*, 157 Ga. App. 576 (278 SE2d 151) (1981). In confirmation proceedings, the trial court sits as trier of fact, and its findings will not be disturbed if there is any evidence to support them. *Alexander v. Weems*, 157 Ga. App. 507, 509 (277 SE2d 793) (1981). The value of the subject property is a question of fact. The credibility of the witnesses who testify as to its value and the weight to be given such evidence is solely an issue for the finder of fact. *American Century Mtg. Investors v. Strickland*, 138 Ga. App. 657, 661 (227 SE2d 460) (1976). The party seeking confirmation of the sale bears the burden of establishing the value of the property at the time of the sale. *Thompson v. Maslia*, 127 Ga. App. 758, 762 (195 SE2d 238) (1972).

The bank presented several witnesses who testified as to the value of the property. One expert witness had been involved in buying and selling real estate in the area for almost 20 years, considered purchasing it at the auction himself (but the price was bid too high), and valued the land at $1,200 per acre. Other witnesses presented by the bank included the Executive Vice-President of Farmers & Merchants Bank of Eatonton and the President of appellee bank. Both men had extensive experience appraising real estate. Appellants' expert witness, however, based his valuation upon completion of the appellants' residential scheme for the property, and he assigned the appellants' per lot asking price to the individual lots. He multiplied that price by the number of lots and reduced the overall value by an arbitrary figure, and based this value upon final sale of the lots some 8-12 years in the future. He offered no evidence as to present value for the entire tract on the date of the sale.

We find the appellee met its burden of proof by establishing the value of the property at the time of the sale, and the trial court's judgment had evidence to support it. As in *Marion G. Davis, Inc. v. Cameron-Brown Co.*, 177 Ga. App. 646 (340 SE2d 216) (1986), there was no requirement in the security deed that appellee sell the property in individual tracts. We find no error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 5, 1990.

*Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellants.
*Donald W. Huskins,* for appellee.