A95A2095. GRISWELL et al. v. COLUMBUS FINANCE
COMPANY.
(470 SE2d 256)

Judge Harold R. Banke.

Danny Zelinski appeals from the denial of his motion for new trial. His sole enumeration of error is that the court erred in granting a writ of possession as to a certain mobile home.

"In all proceedings in which the trial court sits without a jury, its findings of fact will not be disturbed on appeal if there is any evidence to support them. *Collins v. Brayson Supply Co.*, 157 Ga. App. 438 (278 SE2d 87) (1981); [Cit.]" *Arnold v. Farmers Bank of Union Point*, 195 Ga. App. 328, 329 (393 SE2d 486) (1990). Reviewing the evidence in that light, the record shows the following. After Zelinski and the co-borrower, his mother, Jeanette Griswell, defaulted under the terms of a consumer installment note, Columbus Finance Company ("Columbus") filed a petition for personal property foreclosure on the security. Pursuant to OCGA § 40-3-50, Columbus had a perfected security interest in a car and two mobile homes (a 1987 Cadillac Deville, a 1974 Checkmate mobile home and a 1985 Adventure mobile home). The certificates of title show Zelinski and Griswell as co-owners of the car and Griswell as sole owner of the two mobile homes. The trial court granted Columbus' writ of possession and denied Zelinski's motion for new trial.

1. We reject Zelinski's spurious contention that the mobile home at issue was his principal dwelling and therefore not subject to personal property foreclosure. Except for mobile homes permanently attached to realty, mobile homes are personal property, not real prop-

erty, and are governed by OCGA § 40-3-1, the Motor Vehicle Certificate of Title Act and OCGA § 11-9-101, the Uniform Commercial Code. See *Wooden v. Michigan Nat. Bank*, 117 Ga. App. 852 (162 SE2d 222) (1968).

Although Zelinski claims that the mobile home served as his principal residence and that he was required by the terms of the loan agreement to execute a deed to secure debt in favor of Columbus, the only evidence he offered that the mobile home was his principal dwelling and not subject to OCGA § 40-3-50, was the fact that he was served with the writ of possession at the same address listed on the installment loan for the mobile home at issue. Zelinski failed to provide any other evidence that the mobile home was his principal dwelling or that it was permanently affixed to real estate or even that he had any ownership interest in it at the time of the loan application. It follows that Zelinski could not have executed a deed to secure debt on property he did not own. The certificate of title to the mobile home in question reflected Griswell's ownership and Columbus' lien and by operation of law placed Zelinski on notice of Columbus' lien and interest in the vehicle. See *Anderson v. Kensington Mtg. &c. Corp.*, 166 Ga. App. 604 (305 SE2d 128) (1983). Therefore, Zelinski could not obtain any right, title or interest in the mobile home until the owner, Griswell, or Columbus delivered title properly executed. *Anderson*, 166 Ga. App. at 606.

Because the record shows Columbus had a perfected security interest in the mobile home at issue, Zelinski defaulted and Columbus was entitled to the security, the evidence supports the trial court's decision. *Collins*, 157 Ga. App. at 438.

2. The evidence before the trial court showed Columbus had a perfected security interest in the subject mobile home, Zelinski defaulted on the terms of the loan and had no valid defense. This appeal has no merit and is totally frivolous. Therefore, we grant Columbus' motion for sanctions and fine Zelinski $1,000, pursuant to Court of Appeals Rule 15 (b).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996 —
RECONSIDERATION DENIED MARCH 25, 1996.

*Banks & Stubbs, Rafe Banks III*, for appellants.
*Richard B. Maner, David G. Crockett*, for appellee.