W. Vincent Grady, J.
This article 78 proceeding presents a question of first impression in this State as to whether a modular home falls within the definition of “ mobile home ” as set forth in a zoning ordinance requiring mobile homes to be located in mobile home parks. Section 720 of the Zoning Ordinance of the Town of Fishkill defines ‘1 mobile home ’ ’ as follows: ‘ * Any vehicle or similar portable structure with or without a foundation or wheels, jacks skirtings, wood or masonry block supports, designed or constructed to be towed, driven or otherwise transported to its resting site and which is further designed to permit occupancy for dwelling or sleeping purposes. The term ‘ mobile home ’ shall also include the term ‘ house trailer
On December 3, 1970, after a public hearing, the respondents denied.petitioners’ application to construct a modular home on their premises, on the ground that the above section of the town zoning ordinance included modular built houses within the broad definition of mobile homes and that mobile homes were allowable in the Town of Fishkill only in licensed mobile home parks. Petitioners in this article 78 proceeding seek a judgment reversing the decision of respondents and directing the granting of petitioners ’ application for a building permit to construct a' modular home and for a determination that the Zoning Ordinance of the Town of Fishkill does not prohibit the construction of modular homes outside of a “ mobile home park ”, or in the alternative, that the provisions of the Town of Fishkill Zoning Ordinance prohibiting construction of modular homes are invalid.
The term “ dwelling ” under section 720 of the Town of Fish-kill Zoning Ordinance is defined as follows: ‘1 Dwelling: A *330 detached building, designed or used exclusively as living quarters for one or more families; the term shall not be deemed to include automobile court, motel, boarding or rooming house, mobile home trailer, tourist home or tent.”
Petitioners contend that a modular home is clearly a ‘ ‘ dwelling ’ ’ and not a ‘ ‘ mobile home ’ ’ within the meaning of the town zoning ordinance. It appears that the modular home under consideration consists of a minimum of two large sections, each of which must be transported to the building site separately. The modular home cannot be moved to a building site in one single unit. The heating system is installed and the siding applied after the modular home has been erected. The town zoning ordinance in question was adopted on December 2, 1962, and revised on December 8, 1965. Modular homes are a new method of construction. It is only within the last two years that modular homes have been constructed in this area. Although the definition of “ mobile home ” extends to “ any vehicle or similar portable structure ’ ’, the drafters of the zoning ordinance could not have intended at the time the ordinance was adopted to have included modular homes since they were not in existence in this area nor was their presence contemplated.
Strict construction of a statute is that which refuses to expand the law by implications or equitable considerations, but confines its operation to cases which are clearly within the letter of the statute as well as within its spirit or reason, resolving all reasonable doubts against the applicability of the statute to the particular case (Kurlander v. Incorporated Vil. of Hempstead, 31 Misc 2d 121). Section 720 of the Zoning Ordinance cannot be construed to expand the definition of “ vehicle ”, which has been defined in Ballentine’s Law Dictionary, Third Edition, as “an instrumentality for the carrying of goods or people ”, to include a modular home. While a mobile home is now available in expandable and double-wide units which create a more “ homelike ” appearance, the concept of a mobile home is entirely different than that of a modular home. A mobile home is a single entity which when placed on a building site is completed and needs no further installation of a heating system or materials. A modular home is transported to the construction site in several pieces. Moreover, a modular home is indistinguishable in appearance from conventionally built homes, while a mobile home cannot be easily mistaken for a conventional dwelling. It appears that the average cost of a modular home is at least twice that of a mobile home.
Today with the urban housing crisis, it would be unrealistic to exclude from residential zones all modular construction, since *331 people are seeking dwelling space which is readily available at a lower cost. With modern technology, modular homes may be constructed more economically and more quickly than conventional homes.
The respondents have erroneously determined that a modular home is classified as a “ mobile home ” within the meaning of section 720 of the Town Zoning Ordinance.
Accordingly, the petition is granted and respondents are directed to issue petitioners a permit to erect a modular home on their property.