## 32915. CITY OF WOODSTOCK v. BODDY et al.

UNDERCOFLER, Presiding Justice.

The City of Woodstock appeals an order granting a permanent injunction to appellee. It claims the trial court erred in ruling that the definition of "mobile home" in its new comprehensive zoning ordinance was vague, indefinite, uncertain and constitutionally unenforceable. We affirm.

The zoning ordinance establishes six zoning districts and in three of these prohibits the use of mobile homes as single family residences. Article III of the ordinance defines a mobile home as a "vehicle or portable structure used for dwelling or sleeping purposes." On October 18, 1976, the appellee purchased a "modular home" — in two sections — at a remote point, mounted it on wheels, moved it to a city lot in Woodstock and placed the structure on a permanent concrete block foundation. The city complained this violated the zoning ordinance because appellee had placed a "mobile home" in an R-1 residential

district. The trial court, in its findings of fact and conclusions, concluded the definition of mobile home, when applied to Art. VI, Sec. 6.2 of the ordinance "is so vague and indefinite that men of common intelligence must necessarily guess at its meaning . . ." We agree.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

SUBMITTED NOVEMBER 15, 1977 — DECIDED JANUARY 5, 1978.

*Bray & Johnson, H. Michael Bray,* for appellant.
*C. Michael Roach,* for appellees.