This appeal is from a judgment, adverse to plaintiff The Town of Helena and favorable to defendants Country Mobile Homes and Joseph Carrier, holding that a structure assembled or installed on a building site in Helena was not a mobile home and therefore not in violation of a zoning ordinance of the Town. We affirm.
 Issue
Under the facts of the case was the subject structure a mobile home within the definition of the Helena zoning ordinance?
 Facts
There was in force and effect in Helena a zoning ordinance which contained the following provisions:
"ARTICLE 111 DEFINITIONS
* * * * * *
 "34. Mobile Home. A detached unit for commercial, residential, or industrial purposes designed for transportation after fabrication on streets or highways on its own wheels or on flated [sic] or other trailers and arriving at the site where it is to be occupied complete and ready for occupancy or use except for minor and incidential [sic] unpacking and assembly operations, foundations, connections to utilities, and the like. A travel trailer is not to be considered as a mobile home."
"ARTICLE V GENERAL REGULATIONS
* * * * * *
"Sec. 17. Mobile Homes
 `"1. Except as provided in Article XIX all mobile homes shall be parked in authorized mobile home parks.
 "2. Except as provided in Article XIX mobile homes shall not be permitted on individual lots and shall not be considered as single family dwellings."
After a trial ore tenus, where the testimony was in sharp conflict and during which the trial court viewed the building site and structure, the following findings of fact were made:
 "A. That the structure being constructed by the defendant, Country Mobile *Page 164 
Homes, Inc., a corporation, and Joseph Carrier, is a modular home and not a mobile home. From the personal view by the Court of the structure it is found that the structure appears to be constructed with the same or similar materials that are used in the construction of other homes within the immediate area of the structure in question.
 "B. That the construction of the foundation, electrical connections, and heating system are substantially the same as those of other homes in the area of the site of the construction of the structure in question and that more than `minor' and incidental unpacking and assembly operations are necessary to be performed prior to the home being suitable for human habitation.
 "C. That the structure in question is a modular home and that said modular home is placed upon the concrete block foundation (said concrete block foundation being similar to the foundation of other homes in the immediate area of this modular home) and that it is a permanent structure. Further, that in order to remove said modular home from the foundation would require a substantial number of hours of work and construction to remove the home from the foundation.
 "D. It is the further finding of fact by the Court that this is a modular home as differentiated from a mobile home described in Section 34 of the Town of Helena's zoning ordinances in that the modular home is not complete and ready for occupancy or use except for minor and incidential [sic] unpacking and assembly operations, foundations, connections to utilities and lights.
 "E. That the Town of Helena by and through its employees were [sic] informed by the defendants, Country Mobile Homes, Inc., a corporation, and Joseph Carrier, that the structure to be constructed on said building site was a modular home and that construction of said modular home would be accomplished at a location other than the building site in Helena, Alabama. Further, that plans and specifications defining and exhibiting the mode of construction of said modular home were supplied to the employees of the Town of Helena, Alabama, prior to the initiation of any construction on the building site in the Town of Helena, Alabama, and prior to the issuance of any building permit for the structure to be located on the building site in the Town of Helena, Alabama. It is the further finding of the Court that the defendants, Country Mobile Homes, Inc. and Joseph Carrier, acted in reliance of action of the Town of Helena, Alabama and expended sums of money for labor and materials for the construction of the structure to be located on the building site in the Town of Helena, Alabama."
These findings are amply supported by the evidence.
The evidence shows that the structure, subject of this litigation, was being installed or assembled on a site in a subdivision which contains no restrictive covenants applicable to homes situated in it. Therefore, if not prohibited by the provisions of the zoning ordinance set out above, there is no impediment to defendants' structure being located in that subdivision in Helena. We point out that the exhibits which are photographs of the subject structure and other structures in the subdivision disclose that defendants' structure resembles the other structures, which the evidence shows to be conventional "stick-build" homes, rather than what is commonly considered a mobile home. Also, we note that the structure contains approximately 1776 square feet of floor space with three bedrooms and two full baths, and costs concerning the structure expended to date of filing of this action, at which time installation or assembly was halted, including footings, foundation, and the dwelling unit were approximately $37,000 to $38,000.
The controlling principles of law in this case are: (1) Where the trial court hears the evidence ore tenus every presumption will be indulged in favor of the trial court and its findings and judgment will not be disturbed unless plainly wrong *Page 165 
when the evidence is contradictory and some of it supports those findings. (2) Findings of fact shall not be set aside unless clearly erroneous. (3) Where the trial court has made a visual inspection of the subject matter of a finding of fact there is an even greater presumption indulged in favor of that finding than is the case when the same finding is made from other evidence. (4) A statute or ordinance is to be interpreted by determining the intention of the enactment from the words expressed therein when applied to the facts upon which it is to operate. Principles numbered one and two need no citation of authority; they are unchallenged. Principle number three is virtually on the same footing as numbers one and two as is partially illustrated by Barnett v. Millis, 286 Ala. 681,246 So.2d 78 (1971). Number four is illustrated by AlabamaIndustrial Bank v. State, ex rel. Avinger, 286 Ala. 59,237 So.2d 108 (1970).
 Contentions of the Parties
The Town of Helena contends that defendants' structure is a mobile home as defined in its zoning ordinance under the evidence in the case and that it does not qualify as factory-built housing as defined in § 24-4-2 (2), Code 1975:
 "(2) FACTORY-BUILT HOUSING. Any structure, or component thereof, designed primarily for residential occupancy which is wholly, or in substantial part, made, fabricated, formed or assembled in manufacturing facilities for installation, or assembly and installation, on the building site. Mobile Homes, as defined by southern standard building codes, are specifically excluded from the provisions of this chapter.",
primarily for the reason that the structure more closely fits the definition of mobile home as described in § 24-5-2 (1), Code 1975:
 "(1) Mobile Home. A movable or portable dwelling over 32 feet in length and/or eight feet or more in width, constructed to be towed on its chassis, connected to utilities and designed without a permanent foundation for year-round living. It can consist of one or more units that can be telescoped when towed and expanded later for additional capacity or of two or more units, separately towable but designed to be jointed into one integral unit."
Appellees contend the judgment should be affirmed under the principles of law as stated above in one through three and because the trial court correctly interpreted the ordinance under the evidence in this case according to principle of law number four above. They further contend their structure qualifies as factory-built housing (a modular home), although the means of transporting the three sections involved mounting each section on axles, wheels, and tongues, and towing them to the building site, because when it was delivered to the building site the axles, wheels, and tongues were removed and the sections installed on a permanent foundation and joined.
Helena countered that the sections were capable of being disjoined, removed from the foundation, reattached to the axles, wheels, and tongues, and towed to another location; therefore, it was a mobile home and not a modular one.
 Decision
Very capable counsel for both appellant and appellees have filed erudite briefs and presented excellent oral arguments in support of their respective positions. Admittedly, there are no Alabama cases bearing on the issue for review. Counsel for each of the adversary parties cite Kyritsis v. Fenny, 66 Misc.2d 733,320 N.Y.S.2d 702 (Sup.Ct. 1971), which we find sheds little light on the issue because of dissimilarities between the New York ordinance and Helena's as well as between the facts of that case and this one. This is likewise true of Cityof Woodstock v. Boddy, 240 Ga. 477, 241 S.E.2d 236 (1978), cited by appellees.
We do not perceive it would be helpful, or even slightly necessary, to analyze these cases in deciding this one. The findings of fact are supported by the evidence, and are not clearly erroneous; neither are the findings and judgment plainly wrong *Page 166 
and based upon those findings and the evidence the trial court has correctly interpreted the zoning ordinance. Under the controlling principles of law we cannot say there is error to reverse the judgment below and, therefore, that judgment is due to be, and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and SHORES, JJ., concur.