SHORES, Justice.
This appeal is from a decree fixing the boundary line between coterminous landowners. We affirm.
Plaintiff Gantt brought the action against the Bambergs, alleging that a dispute existed between the parties as to the true location of the boundary line between them and asking the court to fix the line. The defendants, by answer, admitted that a dispute existed as to the true location of the boundary line.
The plaintiff’s evidence consisted of her testimony and that of two surveyors, one of whom, Larry Speaks, she had retained to locate the line. His survey was offered on behalf of the plaintiff’s case. At the close of the plaintiff’s evidence, the defendants declined to put on additional evidence and, instead, stated to the court:
“Judge, at this time the defendant[s], in an effort to save some time — it seems clear from the testimony at this point that there is a disputed boundary line between these parties. On behalf of Mr. and Mrs. Bamberg, we know that we need to determine a boundary line between the property, as evidenced from the testimony. They are willing, and would not have any problem with the Court setting the boundary line according to the Larry Speaks survey, which has been offered into evidence as Defendants’ Exhibit 8.”
After viewing the property, the court entered its decree fixing the boundary according to the Speaks survey.
“Where the trial court has made a visual inspection of the subject matter of a finding of fact there is an even greater presumption indulged in favor of that finding than is the case when the same finding is made from other evidence.”
Town of Helena v. Country Mobile Homes, Inc., 387 So.2d 162, 165 (Ala.1980).
Inasmuch as there is evidence to support the trial court’s decree, under the ore tenus standard of review, we must affirm. Hayes v. Cotter, 439 So.2d 102 (Ala.1983); Cedarwood Associates, Ltd. v. Trammell, 410 So.2d 50 (Ala.1982); First Southern Federal Savings & Loan Association of Mobile v. Nicrosi, 333 So.2d 780 (Ala.1976).
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.