## 46492. GARLAND v. CARNES et al.

(379 SE2d 782)

HUNT, Justice.

Garland brought this action against the Carnes to enforce a subdivision's restrictive covenant providing:

*No mobile home or trailers and buildings with metal roofs or metal siding* or no complete concrete block buildings shall be placed on the property. [Emphasis supplied.]

The trial court found the covenant ambiguous in that the prepositional phrase "with metal roofs or metal siding," could be read to describe either (1) only "trailers and buildings" or (2) "mobile home" as well as "trailers and buildings." Accordingly, the trial court permitted parol evidence and found the intent of the drafter/developer was to prohibit only mobile homes with metal roofs or metal siding. Thus, the trial court held the covenant did not exclude manufactured homes such as that installed by the Carnes, which have a shingle roof and hard board siding.

We find no ambiguity in the covenant. While it is possible to read "with metal roofs or metal sidings" as defining "mobile home," thus excluding the Carnes' home, it does not follow that the contract is necessarily ambiguous. See *Holcomb v. Word*, 239 Ga. 847, 848 (238 SE2d 915) (1977). It is the duty of the trial court to construe a covenant to carry into effect the intention of the parties, which is to be discerned from the whole instrument. See *White v. Legodais*, 249 Ga. 849, 850 (295 SE2d 99) (1982). Here, a reading of the covenant as a whole shows an intent to exclude mobile homes, as used in the everyday sense of that term. See OCGA § 13-2-2 (2); *White v. Legodais*, supra. Since the covenant is not ambiguous, the trial court erred by considering parol evidence to determine the drafter's intent. The clause unqualifiedly prohibits mobile homes, *as well as* buildings with metal roofs or siding, and the double-wide involved here is, in common usage, a mobile home. Id. It follows, therefore, the trial court erred in refusing to grant the injunction.

*Judgment reversed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED JUNE 1, 1989.

*Cornwell, Church & Healy, James E. Cornwell, Jr.,* for appellant. *J. Michael Brown,* for appellees.