CRAWLEY, Judge.
Seeking rescission of a deed and damages for fraud and breach of fiduciary duty, Eula Mae Jeffreys sued the trustees of her estate, which included an eight-acre tract of land.
Ms. Jeffreys alleged that one of the trustees, Clarence M. Jeffreys, had offered to buy that tract of land, excluding her home and one acre of land, for $3000. Ms. Jeffreys said she accepted the offer. When she went to the office of Clarence Jeffreys’s attorney to sign the deed, she said, she did not read the legal description of the property because that portion of the deed was covered with papers. She said she relied on Clarence Jeffreys’s representation that the deed conveyed only seven acres of land and excluded the homeplace. Instead, she alleged, the deed conveyed all of her land to Clarence Jeffreys.
On October 18, 1993, the parties reached a settlement agreement whereby all defendants agreed to convey to Ms. Jeffreys, by quitclaim deed, any interest they might have in the homeplace and one acre of land on which the homeplace is situated. By warranty deed executed and delivered on November 2, 1993, Clarence Jeffreys and his wife conveyed one acre of land, including the home-place, to Eula Mae Jeffreys, reserving to themselves an easement in perpetuity for ingress and egress across the property.
On December 6, 1993, the circuit court confirmed the settlement agreement and dismissed Eula Mae Jeffreys’s action with prejudice. Six months later, Ms. Jef-freys filed a motion for “immediate and summary relief’ from the order of settlement, claiming that “[wjhile the settlement called for the conveyance of a one-acre parcel, the agreement read into the record did not specify exactly how the one acre was to be laid out” and that the deed executed in accordance with the settlement agreement did not convey to her the garden, sheds, and well related to the homeplace.
On March 27, 1995, the circuit judge personally inspected the property and determined the following:
“[I]t is apparent to the Court that the one-acre parcel deeded to the plaintiff on October 18, 1993 is in substantial compliance with the agreement reached in open court. While the one-acre tract could have been laid out in a different way, it is the opinion of the Court that given the terrain and topography of this property, setting aside one acre of land with the residence on it would be difficult under any set of circumstances.
“It is therefore the Order, Judgment, and Decree of the Court that the warranty deed issued on October 18, 1993 by the defendant [ ] [Clarence M. Jeffreys] to the plaintiff is in substantial compliance with the settlement of this action and that [plaintiffs] post trial motion for summary relief be and [it] hereby is denied.”
Ms. Jeffreys appealed to the supreme court from the order denying her motion for relief. The supreme court transferred the cause to this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
Ms. Jeffreys’s motion was too late to be considered a post-trial motion pursuant to Rule 59, Ala.R.Civ.P. It can be construed only as a Rule 60(b) motion. Whether to grant or to deny a Rule 60(b) motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Killingsworth v. Crittenden, 585 So.2d 903, 905 (Ala.1991). Furthermore, when the trial court makes an on-site inspection of disputed property, its findings are entitled to a heightened presumption of correctness. Gantt v. *457 Bamberg, 491 So.2d 925 (Ala.1986); Town of Helena v. Country Mobile Homes, Inc., 387 So.2d 162 (Ala.1980).
We do not find that the trial court abused its discretion. Therefore, its order denying Ms. Jeffreys’s motion for relief is affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., dissents.