## A98A2344. ROSE et al. v. BARBEE et al.
(511 SE2d 268)

BARNES, Judge.

Joseph M. Buckles purchased a lot near Lake Hartwell, subject to the following covenant: "No concrete block houses or mobile homes of any description shall be placed on said property." Martha and Lee Rose signed a sales contract with Buckles, started clearing the land, and placed a double-wide home on the property before closing on the contract. Approximately 12 days after the dwelling was placed on the property, adjacent landowners sued Buckles and the Roses, seeking an injunction prohibiting the Roses from improving the dwelling and an order compelling them to remove it. The landowners alleged that the dwelling was a mobile home that violated the restrictive covenant. The Roses answered, denying that the dwelling violated the covenant. After a hearing, the trial court concluded that the dwelling was a "mobile home" as defined in the restrictive covenant, ordered the Roses to remove the dwelling, and permanently enjoined them from bringing on to the property "a structure defined as a mobile home." The Roses appeal the trial court's ruling. For the reasons that follow, we affirm.

1. The Roses first argue that the trial court erred in holding that the residence was a mobile home. A trial court's determination that a dwelling is a mobile home "involve[s] both questions of law and fact and can only be overturned in the event of manifest abuse of discretion." *White v. Legodais*, 249 Ga. 849, 850 (295 SE2d 99) (1982).

We find no abuse of discretion here. While the Roses assert that their modular home was "mobile" only in the sense that it was delivered to the site, a receipt for the structure describes it as a mobile home. An order for electrical service notes that a "new mobile home will be set up in future at this location." And the Roses admit in their brief that they purchased "what is now commonly referred to as a double-wide mobile home." This evidence authorized the trial court to find that the Roses' dwelling fell within the definition of prohibited structures contained in the covenant. See *Garland v. Carnes*, 259 Ga. 263 (379 SE2d 782) (1989); *White*, 249 Ga. at 850-851.

2. The Roses failed to support by citation of authority or argument their assertion that the restrictive covenant is unconstitutionally vague. We therefore deem this enumeration abandoned pursuant to Court of Appeals Rule 27 (c) (2). See *Jett v. State of Ga.*, 230 Ga. App. 655, 656 (498 SE2d 274) (1998).

3. Finally, the Roses failed to object to the developer's testimony regarding the restrictive covenant at issue. Objections not raised at trial cannot be raised for the first time on appeal. See *Jones v. State*, 232 Ga. App. 505 (502 SE2d 345) (1998).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 1, 1999.

*Andrew J. Hill, Jr.*, for appellants.
*Walter J. Gordon, Kimberly A. Wilkerson*, for appellees.