A01A0731. HILL et al. v. DUNCAN et al.
(548 SE2d 83)

MIKELL, Judge.

The parties to this action own property in Circle East subdivision in Stephens County. One of the subdivision's restrictive covenants states that "[n]o mobile home shall be permitted on any lot." When Bob F. Hill, Jr. and Jo-Ann Hill sought to place a modular home on their lot, Roger Duncan and Paul Westmoreland ("plaintiffs") filed suit requesting declaratory and injunctive relief. The trial court denied their request, ruling that the structure at issue was not a mobile home. Plaintiffs appeal, and we affirm.

Whether a dwelling is a mobile home is a mixed question of law and fact, and the trial court's determination "can only be overturned in the event of manifest abuse of discretion." *White v. Legodais*, 249 Ga. 849, 850 (2) (295 SE2d 99) (1982). Accord *Rose v. Barbee*, 236 Ga. App. 176 (1) (511 SE2d 268) (1999).

We find no abuse of discretion here. Evidence adduced at the hearing amply supports the trial court's finding that the dwelling at issue is an industrialized building, not a mobile home. Neil Sayers, the vice-president of All American Homes, which constructed the dwelling, testified that the home is built on a wood flooring system, not a chassis, is not accompanied by a certificate of title, is only 75 percent completed when placed on the site, and bears the seal of approval of the Georgia Department of Community Affairs ("DCA") as required for an industrialized building.[1] In addition, the project coordinator for the industrialized building section of the DCA testified that the dwelling met the criteria for such a building; a local bank president who resides in Circle East testified that the home would not be classified as a mobile home for mortgage purposes; a local insurance agent testified that the dwelling would not be considered a mobile home for insurance purposes; and the county tax commissioner testified that the dwelling does not fit the definition of a mobile home, which requires a tax permit. Plaintiff Duncan, a building contractor and licensed real estate broker, presented only his self-serving testimony that the dwelling at issue was "pretty much the same" as a mobile home.

According to OCGA § 8-2-111 (3):

"Industrialized building" means any structure or component thereof which is wholly or in substantial part made, fabricated, formed, or assembled in manufacturing facilities for installation or assembly and installation on a building site and has been manufactured in such a manner that all parts or processes cannot be inspected at the installation site without disassembly, damage to, or destruction thereof.

A mobile or manufactured home, on the other hand, is defined as one "which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation," among other things. OCGA § 8-2-131 (3), (5). The testimony in the instant case clearly supports the trial court's determination that the dwelling the Hills seek to erect is an industrialized building, not a mobile home prohibited by the restrictive covenant. It follows that the trial court did not err in refusing to grant the injunction.

---

[1] See OCGA § 8-2-112 (a) (1).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED APRIL 24, 2001.

*Sean A. Black*, for appellants.
*Clifton, Sanders & Smith, Cecil L. Clifton, Jr.*, for appellees.