A02A1844. STUDENIC v. BIRK.
(579 SE2d 788)

SMITH, Chief Judge.

This appeal primarily addresses the issue of whether appellant Elizabeth Studenic was given adequate opportunity to respond to issues not previously addressed by the parties but raised by the trial court on the day trial was scheduled to begin. Basing its conclusion on legal issues never raised by the parties before that time, the trial court entered judgment against Studenic. Because we conclude that the trial court's decision constituted a sua sponte grant of summary judgment to the opposing party and that Studenic was not given adequate opportunity to respond to the issues raised by the trial court, we reverse.

This action arose after Wise Designs, Inc. and Jeffrey Birk as trustee for Duane Weise Children's Trust (collectively "defendants") sought to levy and foreclose on certain real property owned by Studenic, in an attempt to collect the outstanding portion of a 1992 judgment. Studenic filed the complaint in this case seeking to enjoin defendants from levying on the property on the basis of an alleged settlement. She contended that she had previously filed a Chapter 13 bankruptcy action to protect the property from attachment by defendants and that by a certain letter, defendants had offered to settle the claim against her for $48,300 if she would allow the bankruptcy to be dismissed. According to Studenic, in reliance on this offer, she agreed that she would not appear at the hearing to oppose the motion. In her complaint she alleged that after she "relied to her detriment on her acceptance of defendants' offer of settlement,

defendants then changed their minds and refused to accept the money." Studenic sought a restraining order preventing the sale of her property and a declaratory judgment that the settlement agreement was enforceable.[1]

The trial court referred the case to mediation, but the parties reached an impasse, and the case was returned to the trial court. Meanwhile, temporary injunctive relief was granted to Studenic, and she was ordered to, and did, pay $48,300 into the registry of the court. The parties engaged in discovery, and the case was placed on at least three trial calendars between September 2000 and March 2001. On March 19, 2001, after the case did not go to trial on its scheduled date of March 12, 2001, Studenic filed a motion for summary judgment.

In her motion, Studenic argued that following discussions between the parties' attorneys concerning a settlement or payoff amount, defendants offered to allow satisfaction of the judgment in consideration of her tender of $48,300 to defendants within two weeks and her agreement to pose no opposition to defendants' motion to dismiss her bankruptcy. She argued that her acceptance of the offer was communicated to defendants by her attorney and that the settlement agreement was memorialized in writing by a letter to her attorney, written by defendants' attorney. This letter recited that defendants were "willing to accept a full payoff in the amount of $48,300 on behalf of Mrs. Elizabeth Jean Studenic. This payoff would represent the complete satisfaction of the above-referenced matter with respect to that certain judgment rendered against Mrs. Studenic." It also recited the defendants' counsel's understanding that neither Studenic nor her counsel would appear in bankruptcy court to oppose the motion to dismiss the bankruptcy filed by defendants. It is undisputed that Studenic did not appear at the hearing on the motion and did not otherwise oppose it, and in fact, her attorney dismissed the bankruptcy petition on her behalf. A few days after dismissal of the bankruptcy case, defendants' attorney retracted the offer by letter, stating that defendants "wish[ed] to re-examine the calculations." Studenic contended in her motion for summary judgment that the terms of the settlement agreement were undisputed and enforceable. She maintained that under OCGA § 13-3-44 (a), she had relied to her detriment on promises made by defendants, and she argued that the letter memorializing the agreement was sufficient to bind defendants.

The case came on for trial on April 17, 2001. Apparently because

---

[1] Approximately two and one-half months after Studenic filed this action, on defendants' motion and over Studenic's objection, the case was transferred to the trial judge who presided over the 1992 action.

the motion for summary judgment was filed less than 30 days before trial was set to begin, the trial court informed defendants' counsel that a response was unnecessary. Before a jury was struck on April 17, however, the court stated that it had "looked over the motion" and was "interested in hearing a response." Defendants argued that the letters relied on by Studenic did not constitute a negotiated settlement or compromise. Following this portion of the argument, the trial court expressed concern over the fact that the bankruptcy case had been voluntarily dismissed by Studenic; the court had been under the impression until the time of trial that Studenic simply failed to oppose the motion to dismiss in bankruptcy court. During the hearing, the trial court found this to be an important distinction. Studenic's counsel and the court discussed the issue of whether the voluntary dismissal affected the posture of the case and, more generally, whether Studenic's part performance and reliance on the settlement offer constituted an enforceable agreement. Counsel also discussed the factual issues which the jury would need to decide. Then, after questioning whether the issues before it should be decided in bankruptcy court, the court called a recess.

A short time later, the court returned and announced that Studenic's motion for summary judgment was "denied because the court is of the opinion that you cannot compromise or pay off a creditor while you have a bankruptcy pending and that is when in time this is alleged to have occurred." In its written "Final Order," the court similarly found that the alleged settlement agreement

is unenforceable and invalid as the United States Bankruptcy Court, which had jurisdiction over the plaintiff's bankruptcy petition, did not consent nor approve such an agreement. Accordingly, without approval of the United States Bankruptcy Court, there is no binding or valid settlement agreement even assuming the facts are true as plaintiff contends. Therefore, plaintiff's instant action to enforce this alleged settlement agreement is hereby dismissed and the plaintiff's requested relief hereby denied.

1. Studenic argues on appeal that the trial court effectively granted sua sponte summary judgment to defendants and denied her "a full and fair opportunity to meet and attempt to controvert the assertions by the trial court against her with respect to her claims." Even though the order was not specifically designated or captioned as one for summary judgment, "[t]here is no magic in nomenclature; thus, in classifying the order of a trial court, we will construe it to serve the best interests of justice, judging the order by its function rather than by its name. [Cit.]" *Howell Mill/Collier Assoc. v. Pen-*

*nypacker's, Inc.*, 194 Ga. App. 169 (1) (390 SE2d 257) (1990). On the day trial was set to begin, but before a jury was selected, the trial court stated for the first time that it wanted to hear argument on Studenic's motion for summary judgment. In its final order dismissing the case, the trial court recited that it had considered "the entire record; including pleadings, affidavits, and argument of counsel." Even though the trial court dismissed the case, because matters outside the pleadings were considered before trial began, we conclude that the trial court's decision constituted a sua sponte summary judgment in favor of defendants. See OCGA § 9-11-12 (b).

Even though a trial court may grant summary judgment to a party on its own motion,

> a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to ensure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations and punctuation omitted.) *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000). Here, the trial court concluded that because the purported settlement was made while Studenic's bankruptcy case was pending, it was unenforceable. The issue of the effect of the bankruptcy case on the settlement, however, was not addressed in Studenic's motion for summary judgment. Instead, it was first raised by the trial court *at trial*. The trial court astutely recognized that this issue might dispose of the case and therefore properly raised it sua sponte. See *Walker v. Virtual Packaging*, 229 Ga. App. 124, 129 (5) (493 SE2d 551) (1997). And the trial court's frustration with the posture of this case is understandable; the judgment against Studenic was obtained in 1992 and remained outstanding in 1999, when this action was filed. But the trial court should not have decided the issue "without giving the parties an opportunity to be heard." Id. The critical issue on which the court based its final judgment was one never before raised by the parties, and the judgment was premature. See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).

Studenic argues that had she been given adequate opportunity to controvert the trial court's conclusion, she could have pointed to factual issues that would have precluded summary judgment. We

cannot and will not attempt to speculate on whether such factual issues existed, or whether she would have prevailed. "Suffice it to say [Studenic] in this instance has been denied the opportunity, provided by law, to attempt to controvert," *Howell Mill*, supra at 171 (1), and we therefore vacate the judgment of the trial court and remand this case to the trial court for proceedings consistent with this opinion.

We note appellee's argument that the trial court did not grant summary judgment but instead dismissed the case based on its lack of subject matter jurisdiction. This is an inaccurate description of the trial court's order. Although the court noted that the bankruptcy court had jurisdiction over Studenic's bankruptcy petition, the trial court did not use this fact as a basis on which to conclude that it was without subject matter jurisdiction. On the contrary, the trial court clearly exercised its subject matter jurisdiction to decide sua sponte that the settlement agreement was unenforceable because the bankruptcy petition was dismissed without permission of the bankruptcy court.

2. Studenic also argues that the trial court erroneously denied her motion to recuse. It appears that this motion was primarily based on the trial judge's office having informed her that it would not rule on her motion for summary judgment filed shortly before trial. She argued that this "failure to even consider" her motion was "a direct result of the fixed opinion" formed by the judge over a period of several years. But given the trial court's decision made just before trial to entertain arguments on Studenic's motion for summary judgment and our determination that the trial court's ruling was premature, we conclude that we need not reach this contention at this time. We note, however, that in the event Studenic again moves to recuse the trial court on the ground of bias, the court's duty will be limited to determining the legal sufficiency of the affidavit required under Uniform Superior Court Rule 25.2. If the court finds "that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse." USCR 25.3. See also *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980) (outlining procedure required when motion to recuse filed); *Gillis v. City of Waycross*, 247 Ga. App. 119, 121-122 (543 SE2d 423) (2000) (affidavits raised "reasonable question about" judge's impartiality and motion to recuse should have been assigned to different judge).

3. In light of our holding in Division 1, we need not reach Studenic's remaining enumerations of error.

*Judgment vacated and case remanded. Eldridge and Ellington, JJ., concur.*

*Belli, Weil, Grozbean & Davis, Douglas J. Davis, Wayne S. Tartline*, for appellant.

*Moore, Ingram, Johnson & Steele, John H. Moore, John K. Moore*, for appellee.