S07A0134. JOHNSTON v. JOHNSTON.

(641 SE2d 538)

CARLEY, Justice.

Myra Elaine Johnston (Wife) and Johnny Ray Johnston (Husband) were divorced in 2004. The final divorce decree provided, in relevant part, that

> [t]he marital home of the parties located at 5141 Seven Islands Road, Madison, Morgan County, Georgia shall be appraised by a mutually agreeable appraiser. The value established thereby, minus any sums owed . . . for the windows of said home, shall be the equity in said home, and each shall be entitled to an equal portion thereof. [Husband] shall have 90 days from the receipt of such appraisal to pay to [Wife] her equity therein.

Neither party sought a discretionary appeal from the final decree. However, in 2005, Wife filed a motion for contempt, alleging that Husband had willfully failed or refused to pay her one-half of the equity in the marital home. Husband answered, asserting that he did "not owe any sum to [Wife] after the calculation as directed by the Final Judgment Decree." This defense apparently was based upon an appraisal which showed negative equity by taking into account the value of the mobile home less the balance owed for the windows, but not including the value of the real property which was owned by Husband prior to the marriage.

The trial court conducted a hearing, at which both parties and their counsel were present. Based upon what transpired at the hearing, the trial court entered an order denominated as a "Declaratory Judgment." That order initially concluded that the relevant provision of the divorce decree was "unclear," and then proceeded to find that the real property was Husband's separate non-marital property and that only "the mobile home that sits on the property is marital property and the value thereof shall be divided equally . . . , minus any sums owed . . . for the windows for said home." Wife applied for a discretionary appeal from the trial court's order, and her application was granted.

Wife urges that the trial court erred, because the principle of res judicata precludes a relitigation of her entitlement to property previously awarded to her by the divorce decree. However, there is no question that she is entitled to one-half of the equity in the "marital home." Instead, the dispute relates to what was meant by "marital home," as that term was used in the divorce decree. The word "home" is not unambiguous as a matter of law. "[T]here are several reasonable meanings which can be given the word 'home.' . . . [T]he word

'home' [can] mean the house in which the [parties were] living and not the land which surrounded it." *World Ins. Co. v. Puckett*, 93 Ga. App. 538, 539 (92 SE2d 215) (1956) (insurance). Husband took the position that "marital home" was used in that limited sense, whereas Wife urged that the term had a broader meaning and included the real property as well as the residence. Thus, there was no relitigation of a previously resolved issue. Instead, there was only an attempt to determine what had been litigated previously by the provision of the decree awarding Wife one-half of the equity in the "marital home."

"A trial court has no authority to modify the terms of a divorce decree in a contempt proceeding. [Cit.]" *Collins v. Billow*, 277 Ga. 604, 605 (1) (592 SE2d 843) (2004). However, "a trial court does have authority to interpret divorce decrees in deciding contempt issues placed before it. [Cits.]" *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990). "The inquiry is whether 'the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification.' [Cit.]" *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999).

Here, the trial court conducted a hearing, and thereafter entered an order which concluded that the definition of "marital home" advanced by Husband was how that term had been used in the original divorce decree. It did so in an order denominated as a "Declaratory Judgment." However, " '(t)here is no magic in nomenclature; thus, in classifying the order of a trial court, we will construe it to serve the best interests of justice, judging the order by its function rather than by its name. (Cit.)' [Cit.]" *Studenic v. Birk*, 260 Ga. App. 364, 366 (1) (579 SE2d 788) (2003). Because the trial court's order was entered in the context of a contempt proceeding and functions as an interpretation of how the disputed term "marital home" was used in the divorce decree, it will be classified as an order of clarification.

Thus, the dispositive issue is whether the trial court's clarification of "marital home" was reasonable, considering the "four corners" of the original divorce decree and the circumstances as they existed at the time the decree was entered. *Ward v. Ward*, 236 Ga. 860, 861 (1) (226 SE2d 52) (1976). Wife contends that she was not given the opportunity to be heard on this issue. However, the trial court's order clearly states that it conducted a hearing at which the parties and their attorneys were present. Thus, Wife did have an opportunity to present evidence or to move for a continuance if she was not prepared to do so.

After conducting the hearing, the trial court found that the "marital home" was, in fact, a "mobile home." See *City of Cordele v. Hill*, 250 Ga. 628 (300 SE2d 161) (1983) (distinction between modular home and mobile home). "Whether a dwelling is a mobile home is a

mixed question of law and fact, and the trial court's determination 'can only be overturned in the event of manifest abuse of discretion.' [Cits.]" *Hill v. Duncan*, 249 Ga. App. 342, 343 (548 SE2d 83) (2001). Although the trial court conducted a hearing, the record on appeal does not include a transcript. Therefore, we must presume that the evidence supports the trial court's finding that "marital home" was a mobile home.

"Except for mobile homes permanently attached to realty, mobile homes are personal property, not real property . . . . [Cit.]" *Griswell v. Columbus Finance Co.*, 220 Ga. App. 803-804 (470 SE2d 256) (1996). Here, there is no evidence that the mobile home was permanently attached to the real property on which it was situated. Thus, the "marital home" consisted entirely of personal property. Insofar as the real property is concerned, we must presume that the evidence supports the trial court's finding that it was Husband's separate property and not a marital asset. "A property interest brought to the marriage by one of the marriage partners is a non-marital asset and is not subject to equitable division since it was in no sense generated by the marriage. [Cits.]" *Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). In the absence of a transcript, "and there being a presumption in favor of the regularity of court proceedings, it must be assumed that the trial court's findings are supported by sufficient competent evidence and its judgment is thus affirmed. [Cit.]" *Kirkendall v. Decker*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*John B. Degonia, Jr.*, for appellant.
*Tiffany J. Ellenberg*, for appellee.