**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**July 2, 2025**

# In the Court of Appeals of Georgia

A25A0317, A25A0318. ALBERS v. ALBERS (two cases).

BARNES, Presiding Judge.

In these consolidated discretionary appeals, Lucas P. Albers ("the husband") appeals from the trial court's order in a contempt proceeding following his divorce from Kasey C. Albers ("the wife"), and from the court's order amending the final divorce decree. In Case No. A25A0317, the husband argues that the trial court erred by finding him in willful contempt, creating new obligations that were not included in the divorce decree, and assessing attorney fees against him without a statutory basis or findings of fact in support thereof. In Case No. A25A0318, the husband argues that the trial court lacked authority to enter an amended final judgment and decree of

divorce. For reasons explained more fully below, in Case No. A25A0317 we vacate the contempt order and remand the case with direction. In Case No. A25A0318, we reverse.

The record shows that the husband and wife divorced in March 2024 and they have one minor child. The final judgment and decree of divorce awarded the wife the marital home, including "all furniture and furnishings," and required the husband to convey the house to the wife by quitclaim deed. The parties were awarded joint legal custody, with the mother having primary physical custody. The husband was ordered to pay child support of $2,490 per month, beginning on April 1, 2024, with each subsequent payment on the tenth day of each month. While the divorce decree does not mention tuition, the parenting plan stated that the husband "is responsible for paying the current private school tuition . . . starting April 1, 2024." In this regard, the child support worksheet — which was incorporated by reference in the child support provision of the divorce decree — indicated that the husband was responsible for paying $2,490 a month in child support, which included an upward deviation of $789.61 for "extraordinary education expenses," representing the husband's pro rata

share of the $951.33 monthly tuition. The decree, parenting plan, and worksheet are silent as to how the tuition should be paid.

In May 2024, the wife filed a contempt petition alleging that the husband underpaid child support in April 2024 by approximately $53; removed certain personal items from the marital home after the divorce hearing; failed to pay the April 2024 tuition; and failed to sign the quitclaim deed provided by the wife's attorney. The wife also sought attorney fees. The husband responded that he offset the support payment by $53 because school expenses he was not obligated to pay were charged to his credit card without authorization; the items taken from the home were not "furniture and furnishings"; tuition was included in his monthly child support obligation; and he had already submitted a quitclaim deed that described the property by its postage address, land lot, district, and county.

Following a hearing, the trial court found the husband in willful contempt of the divorce decree. The court ruled as follows:

> 1) [The husband] paid [the wife] the sum of $2,436.47 instead of $2,490 for child support in April of 2024. [The husband] paid to the child's school the sum of $53.53 for incidental charges in April 2024 and the Court gives [the husband] credit for such payment. In the future, [the husband] shall pay the full amount of child support without deduction.

2) [The husband] is ordered to return to [the wife] the items listed on Exhibit A attached hereto within ten (10) days. If [the husband] has any personal clothing at the marital residence, he may request the same from [the wife] in writing within ten (10) days.

3) [The husband] is ordered to immediately execute the quitclaim deed to the marital residence presented by [the wife's] attorney.

4) [The husband] is ordered to pay the minor child's tuition as ordered by the Final Decree and Parenting Plan previously entered by the Court. Such tuition payments are ordered to be timely and promptly paid directly to the child's school.

5) The Court finds that [the husband] is in willful contempt of this Court's Final Decree and he is ordered to pay to [the wife's] attorney the sum of $2,000 as attorney's fees by July 5, 2024.

The court also entered an "amended final judgment and decree" in the divorce action, which included a "corrected" child support worksheet. The new worksheet changed the $789.61 originally designated for "extraordinary educational expenses" to a $790 non-specific deviation which the court found was appropriate "based on evidence of the parties' disparate income, historical spending on the child[,] and the needs of the child." The court also found that "the guidelines' presumptive amount

of support would be unjust and the best interests of the child would be served by the upward deviation." This Court granted the husband's application for discretionary appeal of both orders. These appeals follow.

*Case No. A25A0317*

1. The husband argues that the trial court erred by finding him in contempt regarding the personal items, the quitclaim deed, and the tuition.[1] We are unable to review these arguments, however, because it is unclear from the trial court's order on what grounds it found the husband in contempt.

"[A]n appellate court is, among other things, a court for the correction of errors of law," and "[a]n error of law has as its basis a specific ruling made by the trial court." (Citation and punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002). When a trial court makes a contempt ruling, "findings of fact and conclusions of law are generally not required," but "it is necessary that a contempt order contain sufficient facts to show the party is in contempt of court."

---

[1] Neither party asserts that the trial court held the husband in contempt regarding the $53 child support shortage.

(Citation and punctuation omitted.) *Gay v. Gay*, 268 Ga. 106, 106-107 (1) (485 SE2d 187) (1997).

Here, the trial court expressly found the husband in willful contempt, but the order is ambiguous as to the sanctionable conduct on which the contempt finding was based. While certain directives — such as the order to return items or to pay tuition directly to the school — could be construed as methods of purging contempt, they could also be interpreted as clarifications of the husband's existing duties under the original decree. This ambiguity is further compounded by the parties' disagreement regarding the scope of the order. While the wife asserts that the husband was only found in contempt regarding his failure to pay tuition and that the remaining directives "simply clarified the ruling[s]" on the other issues, the order's broader scope suggests otherwise. Because of these conflicts, the trial court's order lacks sufficient detail to enable meaningful appellate review. Accordingly, we vacate the trial court's finding of willful contempt and remand for clarification on the basis for the contempt finding and the purpose of each directive. See *Flanders v. State*, 360 Ga. App. 855, 855 (862 SE2d 152) (2021).

2. Next, the husband argues that the trial court erred by requiring him to return the personal items and pay tuition directly to the school because these obligations were not in the original decree. Resolution of this enumeration of error turns on whether the trial court's directives constituted impermissible modifications of the divorce decree or authorized remedies for contempt. See *Smith v. Smith*, 293 Ga. 563, 564 (1) (748 SE2d 456) (2013) (explaining that a remedy for contempt may include the imposition of additional requirements when necessary to enforce an order). As discussed previously, we cannot discern the grounds for the court's contempt finding or the purposes of these directives. Thus, in light of our ruling in Division 1, we decline to address this enumeration at this time.

3. The husband argues that the trial court erred by awarding attorney fees to the wife without a statutory basis or without making findings of fact. We agree.

"In contempt actions, attorney fees are awarded only where some express authority or power exists. No authority exists to award attorney fees merely because the action is for contempt." (Citations and punctuation omitted.) *Tate v. Tate*, 340 Ga. App. 361, 364 (3) (797 SE2d 227) (2017).

> When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary

7

to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

*Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012).

Here, the trial court's order states that the husband shall pay attorney fees to the wife's attorney in the amount of $2,000, but the order neither includes a statutory basis for the award nor any factual findings to support it. Nor does the motion seeking the fees specify a statutory basis for the award. Moreover, the wife's attorney's argument at the contempt hearing that fees were warranted "based upon [the husband's] refusal to comply" with the wife's demands before the contempt petition was filed, and the trial court's statement before awarding attorney fees, in which the court told the husband that "[t]his could have easily . . . been resolved before you came to court today," shed no light on these issues. Accordingly, we vacate the award of attorney fees and remand for an explanation of the statutory basis of the award and entry of any findings necessary to support it. See *Rose v. Clark*, 360 Ga. App. 440, 444 (3) (859 SE2d 137) (2021); *Borotkanics v. Humphrey*, 344 Ga. App. 875, 880 (3) (811 SE2d 523) (2018).

4. The husband argues that the trial court erred by entering the amended divorce decree and "corrected" child support worksheet. We agree.

> [T]he trial court in a contempt case has wide discretion to determine whether its orders have been violated. The court is not authorized to modify a previous decree in a contempt order, but it is always empowered to interpret and clarify its own orders. . . . While a trial court has authority to interpret divorce decrees in deciding contempt issues placed before it, the inquiry on appeal is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification.

(Citations and punctuation omitted.) *Vaughn v. Vaughn*, 365 Ga. App. 195, 198 (1) (877 SE2d 860) (2022).

As noted above, the divorce decree expressly required the husband to pay child support of $2,400 a month beginning on April 1 2024, and the child support worksheet showed that this figure included the husband's share of the tuition. Although the parenting plan provided that the husband was "responsible for paying the current private school tuition to maintain the child in his present educational facility, starting April 1, 2024," this provision does not contradict any explicit term

in the decree or worksheet, as it merely assigns general responsibility for tuition, without specifying the amount of tuition or method of payment. Under these circumstances, the trial court's imposition of a $790 "non-specific deviation" in place of the extraordinary educational expenses, which effectively increased the husband's child support obligation by $951.33 a month, substantively and impermissibly modified — rather than clarified — the divorce decree. Accordingly, the amended decree must be reversed. See *Ekhorutomwen v. Jamison*, 356 Ga. App. 807, 809 (849 SE2d 235) (2020); see also *Dept. of Human Resources v. Gould*, 222 Ga. App. 489, 490 (1) (474 SE2d 682) (1996) ("[T]rial courts have no authority to modify the amount of child support of a final judgment and decree of divorce in a contempt proceeding.").[2]

---

[2] In reaching this conclusion, we reject the wife's argument that the amended decree corrected a "clerical mistake" in the original child support worksheet. Pursuant to OCGA § 9-11-60 (g), "[a] trial court may . . . correct clerical mistakes in orders arising from oversight or omission at any time, upon its own initiative or on a party's motion." Here, there is no indication that words, sentences, or paragraphs were omitted from the original judgment, or that the judgment contained typos, or was incorrectly processed. See *Tremble v. Tremble*, 288 Ga. 666, 669 (1) (706 SE2d 453) (2011)*;* see also *Ekhorutomwen*, 356 Ga. App. at 808 ("Clerical errors or omissions include irregularities that are apparent from the face of the record or mathematical errors that are obvious from the judgment."). Moreover, even assuming a clerical error, the trial court did more than supply a missing provision, as the amended decree had the impermissible effect of changing the husband's substantive rights. See *Torres v. Torres*, 364 Ga. App. 695, 700-701 (1) (875 SE2d 881) (2022); see also *Ekhorutomwen*, 356 Ga. App. at 808-809 ("OCGA § 9-11-60 (g) does not provide

*Judgment vacated and case remanded with direction in Case No. A25A0317.*

*Judgment reversed in Case No. A25A0318. Brown, C. J., concurs. Watkins, J., concurs*

*fully in Divisions 1, 2, and 3, and dissents as to Division 4.*

authority for making substantive changes to an order.").

A25A0317, A25A0318. ALBERS v. ALBERS (two cases).

WATKINS, Judge, concurring in part and dissenting in part.

I agree with the majority that we cannot meaningfully review the trial court's finding of contempt in the absence of factual findings; nor can we determine whether the trial court's directive to return personal property was an impermissible modification or intended to be a contempt sanction. I also agree that the attorney fees

2

award must be vacated in the absence of a statutory basis for imposing such an award. I respectfully dissent, however, from Division 4 of the majority's opinion because I believe that the trial court's instruction that the husband pay tuition directly to the school in addition to his child support paid to the wife was a permissible clarification of the intent of the original order.

While a trial court does not have the power to *modify* the terms of a divorce and alimony judgment in a contempt proceeding,[1] it "does have authority to *interpret* divorce decrees in deciding contempt issues placed before it."[2] In so doing, the trial court "is always empowered to . . . clarify its own orders."[3] "The question becomes whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification."[4]

The trial court entered a final judgment and decree of divorce on March 21, 2024. Under the "Child Support" section of that judgment, the trial court ordered

---

[1] *Blair v. Blair*, 272 Ga. 94, 95 (1) (527 SE2d 177) (2000).

[2] (Emphasis supplied.) *Johnston v. Johnston*, 281 Ga. 666, 667 (641 SE2d 538) (2007).

[3] (Citation and punctuation omitted.) *Chatel v. Carroll*, 366 Ga. App. 643, 644 (883 SE2d 860) (2023).

[4] *Blair*, 272 Ga. at 96 (1).

the Father to pay $2,490 per month to the Mother. The court also made the attached child support worksheet a part of the judgment. In the Parenting Plan Order, which was entered on the same day, the trial court ordered that "[t]he Father is responsible for paying the current private school tuition to maintain the child in his present educational facility[.]"

After this judgment and order were entered, the Father took the position that the private school tuition was *included* in the child support calculation, rather than an *additional* obligation. The trial court rejected his argument, and I do not believe the court erred in doing so. "[T]he dispositive issue is whether the trial court's clarification of [the tuition obligation] was reasonable, considering the 'four corners' of the original divorce decree and the circumstances as they existed at the time the decree was entered."[5] Crucially, although the original child support worksheet included a $789.61 deviation for "Extraordinary Educational Expenses," that was only 83% of the then-current tuition rate — which conflicted with the court's order in the parenting plan requiring the Father to pay "the current private school tuition to maintain the child in his present educational facility[.]" In light of this conflict, it

---

[5] *Johnston*, 281 Ga. at 667.

was reasonable for the trial court to clarify that the obligation to pay tuition was in addition to, rather than included in, the obligation to pay child support to the mother.[6]
Accordingly, I dissent to Division 4 of the majority's opinion.

---

[6] See *Johnston*, 281 Ga. at 667-668 (holding that, in the context of a contempt proceeding, the trial court's clarification that division of the "marital home" included only a mobile home and not the real property on which it was located was a permissible clarification of the divorce decree).