S99A0906. PARKER et al. v. PEACEFUL VALLEY PROPERTY OWNERS ASSOCIATION, INC.
(519 SE2d 440)

FLETCHER, Presiding Justice.

The Peaceful Valley Property Owners Association sued Donald and Rebecca Parker to enjoin them from building a garage to store excavating equipment from their business. The trial court granted summary judgment to the association and issued a permanent injunction against construction. Because the association did not waive the requirements in the subdivision's restrictive covenant and the Parkers have not established the elements of estoppel, we affirm.[1]

The Parkers purchased a lot in the Peaceful Valley subdivision in 1994 and sought permission to build a garage to store excavating equipment. The association's board of directors initially approved their plan, but rescinded its approval after the grievance committee found that the proposed storage building violated the restrictive covenant against commercial use of property. While the grievance was pending, the Parkers obtained a building permit from the county and cut down trees to clear the site. The association sought an interlocu-

---

[1] Although our jurisdiction in this restrictive covenant case is questionable under *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991), we retain this appeal in the interest of judicial economy.

tory injunction against construction, which the trial court granted. Later, the trial court granted summary judgment to the association and permanently enjoined the Parkers from storing excavating equipment in the subdivision. The Parkers appeal.

1. The Peaceful Valley Subdivision Restrictive Covenant states that all land shall be used exclusively for residential purposes, except where the association designates. The covenant limits each lot to one single family dwelling house and one building for a garage. If any person disagrees with any decision of the board, officer, or committee under the covenant, it gives individual members the right to appeal the action or decision to the grievance committee. All decisions of the grievance committee are final.

The undisputed facts show that the Parkers proposed constructing a thirty-six foot by sixty-foot metal building near their house to store a dump truck, pickup truck, "baby dozer," backhoe, and front end loader that Mr. Parker used in his business. Both Mr. and Mrs. Parker testified that they planned to store and maintain the equipment in the building when it was not being used on a job. While they also testified that they would not have customers coming to their home or place an advertising sign in the subdivision, these facts do not transform their proposed building into a residential garage. Because they intended to use their storage building for business purposes, we conclude that it violated the association's restrictive covenant that the property be used exclusively for residential purposes.

The Parkers, however, argue that the association waived the restriction against commercial use when the board formally approved their building plans. Although the board did approve the plans in January 1996, residents who learned about the proposal appealed the board's decision to the grievance committee, as provided in the restrictive covenants. The committee decided that the Parkers' planned use of the building to store excavating equipment violated the restriction that the land be used solely for residential purposes. We conclude that the association did not waive the restrictions under these undisputed facts.

2. To prevail on their promissory estoppel theory, the Parkers must show that the association made certain promises, it should have expected the Parkers to rely on these promises, and the Parkers did rely on them to their detriment.[2] Here, the Parkers have failed to show detrimental reliance. They knew that the restrictive covenant limited their property to residential use and that a grievance had been filed against them before they began clearing the site for con-

---

[2] See *Nickell v. IAG Federal Credit Union*, 213 Ga. App. 516 (445 SE2d 335) (1994); OCGA § 13-3-44.

struction of the storage building. While they did spend $2,500 on a down payment when they ordered the building, Mrs. Parker conceded that they could cancel that order. Based on the lack of evidence showing detrimental reliance, we conclude that the trial court properly enjoined the Parkers from constructing the building to house their business equipment.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1999.

*Adams, Ellard & Frankum, Jennifer L. Thacker,* for appellants.
*Stewart, Melvin & Frost, Frank Armstrong III,* for appellee.