## A09A0915, A09A0916. FULTON COUNTY BOARD OF TAX ASSESSORS et al. v. MARANI et al. (two cases).
### (683 SE2d 136)

PHIPPS, Judge.

Fulton County property owners Mark and Judith Marani filed a class action against Fulton County, the Fulton County Board of Tax Assessors ("BTA"), various BTA members, and the Fulton County Tax Commissioner (collectively, "the County"), alleging that the County had improperly assessed property taxes without affording taxpayers the required notice and opportunity to appeal. The Maranis sought, among other things, to enjoin the County from collecting these taxes from them and other similarly situated property owners. Following an evidentiary hearing, the trial court certified the class and entered a final judgment granting equitable relief to class members. In Case No. A09A0915, the County appeals the trial court's class certification order, and it challenges the final judgment in Case No. A09A0916.[1] For reasons that follow, we affirm.

The underlying facts are not in dispute. In 2004, the General Assembly passed a local act that granted Fulton County property owners an additional homestead exemption beyond the exemptions set forth in the Georgia Code.[2] The amount of the new exemption varied from parcel to parcel, depending on factors such as the property's assessed value, the structures on the parcel, and the Consumer Price Index. The BTA calculated the exemption for property owners such as the Maranis and applied that calculation to property tax bills issued for 2005, 2006, and 2007.

In 2008, however, the County determined that the BTA had miscalculated the homestead exemption for thousands of property owners. As to certain taxpayers, it had undervalued the exemption, resulting in an overpayment of taxes in 2005, 2006, and 2007. Those taxpayers received refunds in 2008. The County also concluded, however, that it had *overvalued* the exemption for more than 5,000 property owners, resulting in tax underpayments. That group of

---

[1] The Fulton County Tax Commissioner did not join in the appeal in Case No. A09A0915, and neither the Commissioner nor Fulton County joined in Case No. A09A0916. For ease of discussion, however, we will continue to refer to the appellants collectively as "the County."

[2] See, e.g., OCGA § 48-5-44 (general homestead exemption); OCGA § 48-5-47 (homestead exemption for persons 65 years and older); OCGA § 48-5-47.1 (homestead exemption for persons 62 years or older with annual income not exceeding $30,000); OCGA § 48-5-48 (exemption for qualified disabled veterans).

owners, which included the Maranis, received tax bills in 2008 assessing additional taxes for 2005, 2006, and 2007. The new bills did not address whether taxpayers had a statutory right to appeal the recalculations to the Fulton County Board of Equalization under OCGA § 48-5-311. And when taxpayers contacted the County about the bills, they were told that they had no right to appeal.

Asserting that affected taxpayers had not been afforded proper notice and appeal rights, the Maranis brought this class action suit to challenge the new assessments. The trial court certified a class of taxpayers and entered equitable relief for the class. These appeals followed.

### Case No. A09A0915

The appeal in Case No. A09A0915 focuses on the trial court's class certification order. Pursuant to that order, the trial court certified as a class

> all taxpayers whose property tax assessments and/or home-stead exemptions have been changed for tax years 2005, 2006, 2007, and/or 2008 without first having received adequate legal notice of said changes pursuant to O.C.G.A. § 48-5-306 and an opportunity to appeal the same pursuant to O.C.G.A. § 48-5-311.

A trial court exercises its discretion in granting class certification, and its decision will be upheld absent abuse of that discretion.[3] Before certifying a class, however, the trial court must make several determinations. Under OCGA § 9-11-23 (a), it must find that: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) the representative parties' claims or defenses are typical of the class members' claims or defenses; and (4) the representative parties will fairly and adequately protect the interests of class members.[4] If the class meets these four requirements — known as numerosity, commonality, typicality, and adequacy — the trial court must then find that the litigation satisfies at least one of the following three grounds outlined in OCGA § 9-11-23 (b):

> (1) the prosecution of separate actions would create a risk of inconsistent adjudications or would impair other parties' ability to protect their interests; (2) the defendant has acted

---

[3] *Village Auto Ins. Co. v. Rush*, 286 Ga. App. 688 (649 SE2d 862) (2007).
[4] See id.

or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the whole class; or (3) questions of law or fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[5]

1. The trial court determined that the taxpayer class met all four requirements of OCGA § 9-11-23 (a) — numerosity, commonality, typicality, and adequacy. On appeal, the County focuses on the commonality requirement, arguing that class members do not share common questions of law and/or fact. Specifically, it contends that because class members are entitled to a unique homestead exemption based on the particular characteristics of their property, common questions do not exist.

The trial court, however, did not address whether the County had properly recalculated the homestead exemptions. It merely considered whether taxpayers had statutory notice and tax appeal rights, a procedural question common to all class members. After finding such rights, the trial court noted that substantive challenges to the calculations would have to be raised through individual taxpayer appeals to the Fulton County Board of Equalization. Simply put, the trial court certified a class solely to consider a common procedural issue — whether the County was required to provide class members with statutory notice of and the right to appeal the exemption recalculations. Accordingly, it did not abuse its discretion in finding commonality.[6]

2. The County also argues that the trial court erred in certifying the class because class action litigation was not the best method for resolving this controversy. Although the "superior" method of adjudication is relevant to class certification under OCGA § 9-11-23 (b) (3), an appropriate class may pursue class action litigation if it meets any *one* of the three grounds in OCGA § 9-11-23 (b).[7] In this case, the trial court determined that class litigation could proceed under OCGA § 9-11-23 (b) (1) or (b) (2). It made no finding with respect to OCGA § 9-11-23 (b) (3).

---

[5] *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 76 (1) (666 SE2d 420) (2008) (footnote omitted).

[6] See *Village Auto*, supra at 690-691 (1) (common issues existed where class action complaint alleged that insurance company engaged in standard practices and tactics towards its customers).

[7] See *EarthLink, Inc.*, supra.

The County has not argued or demonstrated that the trial court erred in certifying the class under OCGA § 9-11-23 (b) (1) or (b) (2). Its claim regarding OCGA § 9-11-23 (b) (3), therefore, presents no basis for reversal.[8]

## Case No. A09A0916

In this appeal, the County challenges the trial court's entry of final judgment and equitable relief. The trial court ultimately found that the County had improperly denied class members their statutory right to notice and appeal under OCGA §§ 48-5-306 and 48-5-311, violated various revenue statutes, and infringed upon the taxpayers' due process rights. It granted the class equitable relief, requiring the County to: (1) provide taxpayers with proper notice of and the right to appeal changes in the homestead exemptions; (2) stop collecting taxes referenced in bills sent without proper notice; and (3) refund any tax money collected based on bills issued without such notice. The trial court also concluded that the County could issue supplemental tax bills relating to the exemptions if it complied with the statutory notice and appeal requirements.

3. On appeal, the County questions the trial court's underlying conclusion that statutory notice and appeal rights attached to the homestead exemption recalculations. It argues that taxpayers had no right to appeal the recalculations under OCGA § 48-5-311, which provides in pertinent part:

> Any resident or nonresident taxpayer may appeal from an assessment by the county board of tax assessors to the county board of equalization or to an arbitrator or arbitrators as to matters of taxability, uniformity of assessment, and value, and, for residents, as to denials of homestead exemptions.[9]

Asserting that this case involves the *correction* of a homestead exemption, rather than the denial of an exemption, the County argues that OCGA § 48-5-311 does not apply. It also claims that OCGA § 48-5-306, which requires the BTA to notify taxpayers of changes to or corrections in taxpayer returns, has no application here. We disagree.

The County's strict interpretation of OCGA § 48-5-311 ignores

---

[8] See id. at 77 (2) (where trial court properly certifies class under one ground of OCGA § 9-11-23 (b), appellate court need not consider whether certification was proper under alternate ground).

[9] OCGA § 48-5-311 (e) (1) (A).

specific language relating to homestead exemptions in OCGA § 48-5-49. That Code section authorizes the BTA to determine both a property owner's eligibility for an exemption and the value of the exemption. It then grants property owners "the right of appeal from the decision of the [BTA] to the county board of equalization as provided in Code Section 48-5-311."[10]

The record shows that the BTA reviewed homestead exemptions claimed by thousands of Fulton County property owners and concluded that the exemptions had been improperly assessed. For many of those property owners, it determined that the exemptions had been overcalculated, resulting in a tax deficiency. The recalculations involved the *value* of the exemptions, bringing them within OCGA § 48-5-49, which specifically permits an appeal under OCGA § 48-5-311.[11] Furthermore, a reasonable reading of OCGA § 48-5-311 reveals that a taxpayer who is entitled to an appeal must be given the statutory notice required by OCGA § 48-5-306.[12]

When interpreting a statute, a court must construe the provision "in relation to other statutes of which it is a part, reading all statutes together so as to ascertain the legislative intent and give effect thereto."[13] The trial court did so here, properly viewing OCGA §§ 48-5-49, 48-5-306, and 48-5-311 together to provide notice and appeal rights to the class members in this case. Accordingly, we find no error.

4. Finally, the County claims that the trial court should not have granted injunctive or equitable relief because class members had an adequate remedy at law.[14]

(a) Asserting that class members did not need access to the appeal procedures in OCGA § 48-5-311, the County argues that members could have challenged the recalculations by paying the additional tax and seeking a refund under OCGA § 48-5-380.[15] In

---

[10] OCGA § 48-5-49 (b).

[11] See *GMC Group v. Harsco Corp.*, 293 Ga. App. 707, 709 (667 SE2d 916) (2008) (absent contrary legislative intent, a specific statute prevails over a general statute when resolving inconsistencies in statutory language).

[12] See OCGA § 48-5-311 (e) (2) (A) ("An appeal shall be effected by mailing to or filing with the county board of tax assessors a notice of appeal within 45 days from the date of mailing the notice pursuant to Code Section 48-5-306. . . .").

[13] *Aircraft Spruce & Specialty Co. v. Fayette County Bd. of Tax Assessors*, 294 Ga. App. 241, 244 (669 SE2d 417) (2008) (citation and punctuation omitted).

[14] See *Glynn County Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 650 (3) (543 SE2d 699) (2001) ("[A] superior court should not grant an injunction in a tax case when state law provides an adequate remedy at law.") (footnote omitted).

[15] See OCGA § 48-5-380 (a) ("Each county and municipality may refund to taxpayers any and all taxes ... which are determined to have been erroneously or illegally assessed and collected from the taxpayers under the laws of this state or under the resolutions or ordinances

essence, it claims that the class litigation and resulting equitable relief were unnecessary, given the tax refund procedure.

Taxpayers generally have two avenues for challenging an improper tax assessment: (1) the appeal process in OCGA § 48-5-311, and (2) the refund procedure in OCGA § 48-5-380.[16] These distinct remedies, however, serve different purposes. An appeal under OCGA § 48-5-311 provides "the most expeditious resolution of a taxpayer's dissatisfaction with an assessment, preferably before taxes are paid."[17] In contrast, an OCGA § 48-5-380 refund action has been described as a "procedure ... to protect taxpayers from later-discovered defects in the assessment process which have resulted in taxes being erroneously or illegally assessed and collected."[18] Moreover, the refund procedure is available *only* to correct errors of fact or law that caused erroneous or illegal taxation.[19] It cannot be used to address "[a] claim based on mere dissatisfaction with an assessment, or on an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered."[20]

Some class members may have been able to challenge the newly assessed taxes through an OCGA § 48-5-380 refund action. But this is not a situation where taxpayers ignored the administrative process and filed a lawsuit.[21] On the contrary, they sued to secure access to the tax appeal procedure that they were entitled to use. Given the differences between the appeal and refund remedies — as well as the possibility that a refund action might not be available to all class members — the trial court did not err in determining that equitable relief was necessary to protect the class members' right to pursue the legal remedy provided in OCGA § 48-5-311.

(b) In a related claim, the County argues that once the trial court determined that class members had a right to appeal under OCGA § 48-5-311, the members had an adequate remedy at law and no longer needed equitable relief. Again, however, equitable relief was imposed to protect the taxpayers' appeal rights and make sure that they did, in fact, have access to the remedy in OCGA § 48-5-311.

---

of any county or municipality or which are determined to have been voluntarily or involuntarily overpaid by the taxpayers.").

[16] See *Wilmington Trust Co. v. Glynn County*, 265 Ga. App. 704, 705 (595 SE2d 562) (2004).

[17] *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 646 (458 SE2d 632) (1995).

[18] Id. (punctuation omitted).

[19] Id. at 646-647.

[20] Id. at 647.

[21] Compare *Haller*, supra.

The trial court did not err in granting such relief.[22]

*Judgments affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED AUGUST 6, 2009

*Robert D. Ware, Cheryl M. Ringer, Vincent D. Hyman, Carmen R. Alexander*, for appellants.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Christopher M. Porterfield*, for appellees.

---

[22] See *Roberts v. Lee*, 289 Ga. App. 714, 717 (3) (658 SE2d 258) (2008) (trial court has broad discretion to fashion equitable remedies based on the exigencies of each case and should craft an injunction that is least oppressive to the defendant but protects the plaintiff's rights).